## J. B. Offerle et al., Appellants, *v.* Reynolds Lumber Company.

[Marked to be reported.]

*Appeals—Interlocutory decree—Equity.*

A decree which directs that the claims of plaintiffs shall be established according to the statements contained in the bill and the findings of fact, that defendant shall account, and that at the request of both parties a referee designated by name shall take evidence and state an account, that the defendant shall pay the costs, and that certain judgments and executions are fraudulent and void, is an interlocutory decree from which no appeal lies.

Argued May 10, 1895. Appeal, No. 34, July T., 1895, by plaintiffs, from decree of C. P. Warren Co., June T., 1894, No. 3, on bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ. Appeal quashed.

Bill in equity by the creditors of the Reynolds Lumber Company against the Reynolds Lumber Company and its officers for an account, discovery, and the appointment of a receiver.

The court after hearing on bill, answer and proofs, entered the following decree :

" And now, November 14, 1894, this cause having been tried by the court and duly considered, it is ordered, adjudged and decreed :

" 1. That the claims of each of the plaintiffs, as creditors of the Reynolds Lumber Company, be established according to the statements contained in their bill and the findings of fact.

" 2. That the defendant, T. J. Reynolds, account for all the property, money, accounts, rights and credits of the Reynolds Lumber Company which have come to his hands on or since the 7th day of August, A. D. 1893, and for the value of all the property of said corporation in Warren and McKean counties which he caused to be sold upon execution issued by him out of the court of common pleas of said counties, as stated in the bill and findings, in excess of the amount produced by said sales and actually paid to the sheriffs of said counties. Also for any indebtedness from the said T. J. Reynolds to said Reynolds Lumber Company in excess of proper legal set-offs and counter-claims. And that the amount found due upon such accounting be paid by the said T. J. Reynolds to the receiver, or so much thereof as may be necessary to satisfy the claims of the plaintiffs and any other creditors who may hereafter intervene (after crediting any dividend which they, or either of them, may receive from the funds in court in Warren and McKean counties), and the costs of this proceeding, including the fees and disbursements of the receiver.

" 3. That the defendants, except D. R. Rooney, pay the costs of this proceeding.

" 4. The plaintiffs, by their solicitor, S. T. Neill, Esq., and the defendants by the Hon. W. M. Lindsey and James O. Parmlee, Esq., their solicitors, being present in court and so request-

ing, the cause is referred to William Harrison Allen, Esq., to take the account and conduct the further proceedings in accordance with this decree and the rules in equity.

" 5. It is further adjudged and decreed that the judgments entered in the courts of common pleas of Warren and McKean counties upon single bills given by George E. Colvin in the name of the Reynolds Lumber Company to T. J. Reynolds, and the executions issued thereon by virtue of which the property of the Reynolds Lumber Company was sold are, as against the plaintiffs, and all other creditors of the Reynolds Lumber Company who may hereafter be permitted to intervene, fraudulent and void. And the said T. J. Reynolds is restrained and enjoined from claiming or accepting any benefit or advantage, dividend or distributive share in the distribution of the funds in court, or otherwise, until the claims of the plaintiffs, and any others hereafter intervening are fully satisfied."

*Error assigned* was the above decree.

*Samuel T. Neill, Leon G. Ball* with him, for appellants.— The plaintiffs have a right to appeal from the decree : Patterson v. Patterson, 27 Pa. 40 ; Irons v. McQuewan, 27 Pa. 196 ; Pontius v. Nesbit, 40 Pa. 309 ; Brotherton v. Reynolds, 164 Pa. 134.

*W. M. Lindsey, J. O. Parmlee* with him, for appellees.—This appeal is from an interlocutory decree, and therefore irregular and unauthorized by law.

OPINION BY MR. JUSTICE GREEN, July 18, 1895 :

The decree in this case consisted of five clauses or sections : (1) That the claims of the plaintiffs as creditors of the Lumber Company be established according to the statements contained in their bill and the findings of fact. (2) That the defendant T. J. Reynolds account for all the property, money, accounts, rights and credits of the Lumber Co. which have come to his hands since August 7, 1893, and for the value of all the property of the corporation in Warren and McKean counties which he caused to be sold upon execution in excess of the amount produced by said sales and actually paid to the sheriffs of those counties ; also for any indebtedness of Rey-

nolds to the Lumber Co. in excess of set-offs and counterclaims. And that the amount found due upon such accounting be paid by Reynolds to the receiver, or as much as may be necessary to pay the claims of the plaintiffs and certain other creditors, and costs and fees of receiver. (3) That the defendants other than D. R. Rooney pay the costs.

(4) That, counsel for both parties being present in court and so requesting, the cause is referred to William Harrison Allen to take the account and conduct the further proceedings in accordance with the decree and the rules in equity. (5) That certain designated judgments and the executions issued thereon are, as against the Lumber Company and certain other creditors, fraudulent and void. And that T. J. Reynolds is enjoined from claiming or accepting any benefit, dividend or distributive share of the funds in court or otherwise until the claims of the plaintiffs and others intervening are fully paid.

It is not very clear what is meant by the decree that the claims of the plaintiffs shall be established, but as this decree does not actually establish them, and certainly does not ascertain them in designated sums, something more remained to be done in the future to accomplish that result, and therefore the order was not final.

The accounting directed by the second clause, as a matter of course, had to be all done in the future, and that part of the decree was in no possible sense final, but purely interlocutory.

The direction that certain of the parties should pay the costs might be regarded as final, unless the subsequent proceedings should develop facts which might affect the propriety of such an order before final decree.

The appointment of a referee to whom the whole subject of the accounting, and the conduct of the further proceedings, was committed, necessarily involved, not only the taking of testimony, but the judicial determination of all disputed contentions of facts, of law and of equity, which might subsequently arise. As the hearing and decision of those matters devolved upon an officer of the court, no further action of the court itself could be had until his report should come in and be considered and decided upon. Neither the learned court below nor this court could be advised as to what should, or ought to be, the ultimate decree, until they are sufficiently informed by the

report of the referee as to the several contentions of the parties, and of the matters of fact and law which affected them. While the fifth clause of the decree declares certain judgments void as to certain creditors, it also restrains a part of the distribution until the adjustment and satisfaction of certain claims had been accomplished. As we understand the matter that adjustment and satisfaction have yet to be determined.

It is alleged in the counter statement and not denied, that after the reference the accounting proceeded before the referee, a large amount of testimony was taken and the referee made his report which was filed on April 9, 1895, and, pending a hearing on exceptions to the report, the present appeal was taken on April 13, 1895. The cause is therefore still open and undecided in the court below. As a matter of course we know nothing about the proceedings subsequent to the decree, and we are very clearly of the opinion that the appeal is premature and must therefore be quashed.

Appeal quashed at the cost of the appellants and record remitted for further proceedings.