George F. Lauer, The Reading Trust Company, Trustee, and Christian C. Kestner, Assignee for the benefit of creditors of said George F. Lauer, Appellants, *v.* The Lauer Brewing Company, Limited, of Reading, Pa. and Frank P. Lauer and William A. Borrell.

*Equity—Equity practice—Appeals—Interlocutory decree—Accounts—Decree refusing to open an account.*

A decree of a court of equity refusing to open an account settled to a certain date and ordering a further accounting from such date is not a final decree from which the plaintiff is entitled to an appeal.

Argued March 2, 1897. Appeal, No. 93, Jan. T., 1897, by plaintiffs, from decree of C. P. Berks Co., Feb. T., 1897, Equity Docket, 1895, No. 620, on bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ. Appeal quashed.

Bill in equity for an account.

The Lauer Brewing Company, Limited, was organized January 21, 1882, under the act of assembly of Pennsylvania of June 2, 1874, with three hundred shares of capital stock. On February 4, 1892, George F. Lauer, one of the plaintiffs, owned one hundred and nineteen shares, Frank P. Lauer, one of the defendants, one hundred and seventy-six shares, and William Burrell, another defendant, five shares. The bill alleged that Frank, who had been the treasurer, had paid out a large amount of the money of the company for family expenses, life insurance premiums and other private bills, with which he had not charged himself on the books or reported the same to the bookkeeper. On the last named date George and Frank entered into an agreement under which the amount of money drawn out by each was to be ascertained and a settlement made based upon such ascertainment. After a number of meetings had been held a settlement was finally made March 18, 1892, by which George paid Frank $18,000. The bill alleges that this settlement was void for concealment and fraud, and that Frank should account to George for more than $100,000 of the com-

pany's money which was alleged to be missing.    The prayers of the bill were to cancel the settlement and state an account.

The answers of defendants were responsive to the bill.

The court found adversely to the plaintiffs on all the material averments of fact, refused to open the settlement of March 18, 1892, and decreed that an account be stated of the profits of The Lauer Brewing Company, Limited, from March 18, 1892, to January 27, 1895, the date of the assignment of the said George F. Lauer for the benefit of creditors.    Plaintiffs appealed.

*Error assigned* among others was above decree.

*Cyrus G. Derr,* with him *William B. Bechtel, J. Howard Jacobs* and *Isaac Hiester,* for appellants.

*Jefferson Snyder,* of *Baer & Snyder,* with him *Philip S. Zieber* and *Ermentrout & Ruhl,* for appellee.

OPINION BY MR. CHIEF JUSTICE STERRETT, April 12, 1897 :

This appeal appears to be premature.    The decree appealed from is not final ; nor is it such an interlocutory order or decree as comes within the purview of any of the statutory exceptions to the general rule that appeals in equity lie only from definitive orders or decrees.    For a brief period it was otherwise as to the common pleas of the first judicial district.    The Act of March 17, 1845, P. L. 158, authorized an appeal from "any interlocutory or final order or decree of the court of common pleas of Philadelphia county : " Purd. 785, p. 67 ; but, so much of that act as authorized appeals from "interlocutory " orders or decrees was promptly repealed by the Act of April 16, 1845, P. L. 543. This was followed by the Act of April 21, 1846, P. L. 432, the third section of which declares, " Any person or body corporate aggrieved by any final order or decree in equity, under the general or special equity powers conferred upon the several district courts and courts of common pleas . . . . other than those of the city and county of Philadelphia, . . . . shall be entitled to an appeal to the Supreme Court, in the same manner and upon the same terms as appeals are allowed from the orphans' court." By the Act of February 14, 1857, P. L. 39, conferring on the several courts of the commonwealth the additional chancery

powers and jurisdictions then vested in the court of common pleas and district court of Philadelphia county, it was provided that an appeal may be taken to this court from the final decrees of said courts respectively, in the same manner and on the same terms and conditions as are provided in cases of appeals from the common pleas or district court of the city and county of Philadelphia. In the language of the Act of March 17, 1845, supra, appeals from the common pleas of Philadelphia were then required to be " upon the same terms and with the same regulations as are provided by existing laws in regard to appeals from any definitive sentence or decree of an orphans' court: " Purd. 785, p. 67.

It thus appears that, as a general rule, appeals in equity lie only from final or definitive orders and decrees. Some of the exceptions to that rule are under the Acts of February 14, 1866, P. L. 28, and June 12, 1879, P. L. 177, providing for appeals from interlocutory decrees granting and refusing to grant special injunctions, respectively, and from interlocutory decrees under the Act of June 24, 1895, P. L. 243, requiring one or more of the defendants to account, etc.

The averments of fact, on which plaintiffs rely, are fully set forth in the bill, and the prayers based thereon are :

1st. That the settled account of March, 1892, alleged to have been fraudulently procured, be opened.

2d. That an account be stated, under the direction of the court, of the profits and dividends of the said Lauer Brewing Company, Limited, distributable and belonging to said George F. Lauer.

3d. That the defendants and each of them be directed to make such payments to the plaintiffs, or any of them, as upon such accounting may be found to be due.

4th. General relief.

The averments of fact which form the basis of these prayers are fully and specifically denied in the answers. That of the brewing company, by its treasurer, and Frank P. Lauer, in his own behalf—after denying all the material allegations of the bill,—avers, in substance, that from the making of the alleged settlement until the time of the demand referred to in the bill the said George F. Lauer acquiesced in all the terms of said settlement and accepted the benefits thereof, and at no time

offered to return the said stock and ask for a reopening of said settlement; but, as appears by the bill, he "pledged said stock for a large loan, and made an assignment thereof, and thereby put it out of his power to restore the status as it existed at the date of said agreement; . . . . that neither the said George F. Lauer, nor his assignee, nor the said Reading Trust Company has any legal or equitable right to ask for the rescission of said agreement and the accounting prayed for." And, as to the prayer for an account, they further aver that the plaintiffs have an adequate remedy at law.

. The learned president of the court below, after a full and patient hearing of the parties, their witnesses, etc., and a careful consideration of the pleadings and proofs, found adversely to the plaintiffs on all the material averments of fact relating to the first prayer of their bill, and therefore refused to open the amicably settled account embracing all transactions between the parties prior to March 1, 1892, and then decreed that an account be stated of the profits of said Lauer Brewing Company, Limited, beginning with said first day of March, 1892, and ending with the twenty-seventh day of January, 1895, the date of the assignment for the benefit of creditors. It cannot be doubted that this is merely an interlocutory order or decree; and, in the absence of any legislative authority for an appeal by plaintiffs from such an order or decree, what right have we to pass upon the merits of the decree, however groundless the objection to it may appear to be?

There appears to be a growing disposition to appeal indiscriminately from every important ruling, interlocutory order or decree of trial courts, and thus bring cases into this court by instalments, and unnecessarily delay their final disposition. With rare exceptions the disadvantages of such a practice are so obvious and serious that it should not be encouraged. If the defendants had appealed from the decree to account, they could have successfully pointed to the Act of June 24, 1895, supra, as their authority for so doing. That act was intended to provide for an appeal from an interlocutory order or decree requiring the defendants or some of them to account, when their liability to do so was denied. Among other things the plaintiffs pray for an account from the defendants; and on the part of the latter, there is a denial of liability to account. Upon this preliminary

question of liability, the decision or decree of the court is in favor of the plaintiffs, in part at least, and requires an account. In such case, an appeal to this court by any of the defendants who may be aggrieved by the order or decree to account is clearly allowed by the act; but it appears to make no provision for an appeal by the plaintiffs. In fact, this appeal is from the failure or refusal of the court to find such facts as were necessary to sustain the first prayer of the bill. The time for an appeal on any such ground as that will be after final decree.

Appeal quashed, and it is ordered that the plaintiffs pay the costs.