## Beatty *v.* Safe Deposit & Title Guaranty Company, Appellant.

*Appeals—Interlocutory decree—Trusts and trustees—Accounting—Act of June 24, 1895, P. L. 243.*

Where on a bill in equity against a trustee for an account the defendant's answer admits a liability to account, but seeks to limit the period of accounting by alleged settlements covering only part of the account, a decree directing an account cannot be appealed from under the Act of June 24, 1895, P. L. 243, which allows an appeal by a defendant in a proceeding in equity for an accounting when, on his part, "there is a denial of liability to account."

Argued Oct. 26, 1909. Appeal, No. 8, Oct. T., 1910, by defendant, from decree of C. P. Clarion Co., May T., 1908, No. 2, on bill in equity in case of John K. Beatty v. Safe Deposit & Title Guaranty Company in its own right and as Trustee et al. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an account:

The material portions of the defendant's answer were as follows:

3. In answer to the sixteenth paragraph of said bill, defendant says that there remained in its custody, as trustee, at the time of the service of the said bill upon it, the sum of $1,510.64, the net proceeds of the sale of lots, subject to deductions for fees and commissions to which it is entitled, and which said sum belongs to the said defendant, and the cestui que trustents, in proportion to their ownership in the lands described, and which was at that time the only fund in the hands of this defendant, as trustee, in which the plaintiff is interested, or out of which he is entitled to a distributive share.

4. In answer to seventeenth paragraph of said bill, defendant says: "That after having paid the note of $6,000 and interest, therein mentioned, according to the terms and conditions of the declaration of trust designated as exhibit 'A,' it continued to act as trustee, and to sell and dispose of the real es-

tate described in plaintiff's bill, with the full knowledge, consent, agreement and approval of all of the cestui que trustents, and from time to time paid to them, and to each of them, their full shares of all of the profits arising from the sales of said land, in excess of said note and interest thereon, which said payments or distribution of funds was paid by this defendant and received by each of the cestui que trustents as settlements in full to the several dates of said payments, the last payment by it so made being on or about September 11, 1906, at which time it, the said defendant, had no knowledge or notice of any conveyance or assignment of the interest of Florence M. Bailey and J. D. Bailey, her husband, to the plaintiff in this case, nor any claim by the plaintiff that he owned an interest therein, and it denies that it was its duty to convey to the plaintiff, or any of the other cestui que trustents, the balance of the land remaining unsold until it was requested so to do, and it further avers that it has not at any time been requested by the plaintiff to convey to him any interest in the said lands."

5. In answer to the eighteenth paragraph of said bill, this defendant says: "That it has in its possession the sum of $1,510.64, and that said sum, after deducting for commissions and fees due to this defendant, is the only sum in its hands, any portion of which is due or owing to plaintiff."

The court entered a decree directing an account.

*Error assigned* was the decree of the court.

*F. J. Maffett,* with him *H. M. Rimer,* for appellant.—An appeal to this court by any of the defendants who may be aggrieved by the order or decree to account is clearly allowed by the act: Lauer et al. v. Lauer Brewing Co., 180 Pa. 593.

*Don C. Corbett* and *R. A. McCullough,* with them *H. E. Rugh* and *John Gates, Jr.,* for John K. Beatty, appellee.

*C. E. Harrington,* with him *G. G. Sloan,* for Jefferson R. Leason et al., appellees.

OPINION BY MR. JUSTICE BROWN, January 3, 1910:

This appeal is from an interlocutory decree ordering an accounting by the appellant. It is taken under the act of June 24, 1895, P. L. 243, which allows an appeal by a defendant in a proceeding in equity for an accounting when, on his part, "there is a denial of liability to account." To entertain this appeal would be to stretch the act beyond its plain intendment. Where there is a denial of liability by a defendant to account, and the preliminary decree is adverse to him, the purpose of the act is to enable this court to determine whether, under the pleadings and proofs, the plaintiff is entitled 'to an account, and, if not, to direct the bill to be dismissed, saving the parties to the proceeding further tedious and useless litigation. Where there is no denial by the defendant of liability to account no appeal lies by him from the decree ordering him to account merely because, during the period over which his account is to extend, settlements were made by him with those entitled to the account. It is not our province under the act of 1895 to determine as a preliminary question what period the account shall cover. That remains for the court below, as if the act had not been passed. If upon final decree an account as confirmed by the lower court is erroneous for any reason, and the defendant is aggrieved by it, it can be corrected on appeal. The situation now before us is an admission by the appellant in the third, fourth and fifth paragraphs of the answer of its liability to account to the appellee; but we are asked to modify the decree because it had made settlements up to a certain date, back of which it ought not to be compelled to go in its accounting. It may be that settlements were made, back of which the appellee cannot go, but this is not a question for our determination on this appeal. The only right of the appellant now is to be heard on the decree ordering it to account. If such liability were denied, it would be our duty under the act of assembly to pass upon it, but in the face of the appellant's admission of the liability, its appeal must be dismissed.

Appeal dismissed at appellant's costs.