## Murphy *v.* Murphy, Appellant.

*Appeals—Interlocutory order—Decree for accounting—Partnership—Act of June 24, 1895, P. L. 243.*

An appeal taken under the Act of June 24, 1895, P. L. 243, directing an accounting in a partnership matter will be dismissed, where the record shows that the defendant was willing to account, but only from a certain date. An appeal lies under the act only where there is a denial of liability to account.

Argued Oct. 16, 1918. Appeal, No. 68, Oct. T., 1918, by defendant, from decree of C. P. Allegheny Co., April T., 1916, No. 1863, on bill in equity in case of Charles E. Murphy v. Samuel N. Murphy. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and FOX, JJ. Appeal dismissed.

Bill in equity for an accounting. Before CARPENTER, J.

*Error assigned* was decree for an accounting.

*J. C. R. Johnston,* for appellant.

*F. C. McGirr,* for appellee, was not heard.

PER CURIAM, January 4, 1919:

This appeal is from an order directing the appellant to account to the appellee, with whom he was a partner in building operations. It is taken under the Act of June 24, 1895, P. L. 243, which provides for it where there is a denial of liability to account. The appellant avers his willingness to account, but only from a certain

date. Under this averment his appeal must be dismissed: Beatty v. Safe Dep. & T. Guar. Co., 226 Pa. 430. In that case, in speaking of an appeal from an interlocutory decree ordering an account by the appellant, we said: "It is taken under the Act of June 24, 1895, P. L. 243, which allows an appeal by a defendant in a proceeding in equity for an accounting when, on his part, 'there is a denial of liability to account.' To entertain this appeal would be to stretch the act beyond its plain intendment. Where there is a denial of liability by a defendant to account, and the preliminary decree is adverse to him, the purpose of the act is to enable this court to determine whether, under the pleadings and proofs, the plaintiff is entitled to an account, and, if not, to direct the bill to be dismissed, saving the parties to the proceeding further tedious and useless litigation. Where there is no denial by the defendant of liability to account no appeal lies by him from the decree ordering him to account merely because, during the period over which his account is to extend, settlements were made by him with those entitled to the account. It is not our province under the Act of 1895 to determine as a preliminary question what period the account shall cover. That remains for the court below, as if the act had not been passed. If upon final decree an account as confirmed by the lower court is erroneous for any reason, and the defendant is aggrieved by it, it can be corrected on appeal."

Appeal dismissed at appellant's costs.