## Wettengel *v.* Robinson et al., Appellants.

*Appeals—Practice, C. P.—Preliminary question of jurisdiction —Jurisdiction of person—Jurisdiction of subject matter—Estoppel—Acts of March 5, 1925, P. L. 23; June 24, 1895, P. L. 243; March 30, 1921, P. L. 60.*

1. Prior to the Act of March 5, 1925, P. L. 23, the refusal of a court to vacate proceedings for want of jurisdiction was but an interlocutory order and not appealable.

2. The Act of 1925, permits appeals from orders concerning purely jurisdictional points before proceedings are had on the

merits, but, in order to avail himself of this privilege, appellant is required to raise the jurisdictional question preliminarily, and to appeal within fifteen days from a decision against him.

3. Failure to appeal prohibits the raising of the question as to jurisdiction of the person at any time thereafter, but it has no such effect where jurisdiction of the subject-matter is the issue involved, inasmuch as jurisdiction of the subject-matter cannot be conferred by estoppel.

4. So far as the latter character of jurisdiction is concerned after the expiration of the fifteen days, the situation is exactly as it was before the Act of 1925, in that the interlocutory order of the court below, except as to jurisdiction of the person, may be considered on appeal after final judgment on the merits.

5. On motion to quash an appeal of defendants, plaintiff cannot successfully contend that defendants failed to deny their liability to account, and are therefore precluded from maintaining an appeal under the Acts of June 24, 1895, P. L. 243, and March 30, 1921, P. L. 60, where the Supreme Court is of opinion that defendants' answer constitutes a sufficient denial of such liability to bring it within the above acts and entitle them to appeal from the order directing an accounting.

*Corporations — Foreign corporations — Internal management — Jurisdiction — Stockholder's bill — Defendant's liquidators — Demand for corporate action.*

6. The right to assume jurisdiction over a foreign corporation depends upon its doing business in the state.

7. The rule against interference in internal affairs of a foreign corporation, rests more on grounds of policy and expediency, than on jurisdictional grounds,—more on want of power to enforce a decree than on jurisdiction to make it.

8. Where a foreign corporation has done business in Pennsylvania and surrendered its charter and the business of settlement and liquidation of its affairs remains to be carried on within the state, the Pennsylvania courts have jurisdiction, even if the case be regarded as to some extent affecting corporate affairs.

9. Where a bill in equity is filed by a common stockholder against the officers and directors of a foreign corporation and another company, to which they have transferred all its assets, for an accounting, the Pennsylvania courts will assume jurisdiction, although the foreign corporation is not made a party defendant, and although under the law of the state of its origin it is still alive for purposes of settlement and liquidation, where it appears that the individual defendants are the liquidators of the corporation,

and that the object of the proceeding is simply to procure an accounting from such individuals.

10. In such case the court may decree an accounting if it makes no order of distribution.

11. A claim that there were existing outstanding tax claims cannot justify the refusal of an accounting where no proceeding appears to have been instituted looking towards their adjustment, and there seems to be no certainty that any will be taken.

12. Defendants cannot contend that they as directors are liable to account only to their corporation, and cannot be compelled to account to its individual stockholders.

13. The situation comes within the rule that where it is apparent that a demand for corporate action would be futile, the law does not require such a demand as a prerequisite to the maintenance of a stockholder's bill.

Argued January 17, 1927.  Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 47, March T., 1927, by defendants, from decree of C. P. Allegheny Co., Jan. T., 1926, No. 333, on bill in equity, in case of A. T. Wettengel v. O. D. Robinson et al., trustees, and Transcontinental Oil Company. Affirmed.

Bill for accounting.  Before SHAFER, P. J., trial judge, and before MACFARLANE, MARTIN and ROWAND, JJ., sitting in banc.

Motion to quash appeal.

The opinion of the Supreme Court states the facts.

Decree for accounting against O. D. Robinson et al., individually, defendants, and bill dismissed as to Transcontinental Oil Co.  O. D. Robinson and the other individual defendants appealed.

*Error assigned* was, inter alia, decree, quoting record.

*John O. Wicks,* of *Weller, Wicks & Wallace,* with him *J. S. McKelvy, Jr.,* for appellants.—The Riverside Western Oil Co., a West Virginia corporation, though dissolved, retains its corporate existence under the laws of

its domicile for the purpose of distributing its property and assets and is therefore an indispensable party to this proceeding: Kelly v. Thomas, 234 Pa. 419; Lynchburg Colliery Co. v. Ry., 114 S. E. 462; Stiles v. Oil & Coal Co., 47 W. Va. 838; Securities Trust Co. v. Pritchard, 194 N. Y. Sup. 486; Taylor v. Holmes, 127 U. S. 489; Hawkins v. Glenn, 131 U. S. 319.

The bill should be dismissed because it involves the management of the internal affairs of a foreign corporation: Hogue v. Am. Steel Foundries, 247 Pa. 12; Madden v. Electric Light Co., 181 Pa. 617; McCloskey v. Snowden, 212 Pa. 249; Moulton v. Lathrop, 77 Pa. Superior Ct. 109; Thompson v. Coke Co., 269 Pa. 500.

The bill should be dismissed because defendants have acted in good faith and their delay in accounting has been justified by the tax claims of the federal government in excess of corporate assets, the possible adjustment of which would be prevented by an accounting: Interstate Distributing Co. v. Connell, 46 Pa. Superior Ct. 551.

*U. G. Vogan,* for appellee.—The Riverside Western Oil Co., a dissolved West Virginia corporation, is not a necessary party to this proceeding: Southern Pacific Co. v. Bogert, 250 U. S. 483; General Ry. Signal Co. v. Cade, 122 App. Div. (N. Y.) 106.

The bill does not involve internal management of a foreign corporation.

Good faith of appellants and the pending of a federal government tax claim are not a valid excuse for not accounting.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, February 7, 1927:

The Riverside Western Oil Co., incorporated under the laws of West Virginia, maintained its principal office in Pittsburgh, Pennsylvania, where it kept its books and transacted its business. In accordance with a reso-

lution of the stockholders of this company, all of its property, except cash assets, bills receivable, etc., was sold in the fall of 1919 to the Transcontinental Oil Company, the consideration paid being 41,667 shares of the capital stock of the latter concern and $1,250,000 in cash. January 2, 1920, the corporate charter of the Riverside Company was surrendered and the stock of the Transcontinental Company was distributed among the stockholders of the former; as to the $1,250,000 cash, and the other cash assets, etc., not included in the sale, there has been no accounting to such stockholders. It seems that upwards of $1,000,000 of the $1,250,000 was used to pay owners of Riverside preferred stock, but precisely how much of this stock was outstanding does not appear, although there could not have been over $1,000,000, the total amount authorized.

The individual defendants were officers and directors of the Riverside Company at the time its charter was surrendered, and, under the law of West Virginia (hereinafter quoted), by virtue of the positions occupied by these defendants, there devolved upon them the duty of liquidating and distributing the assets of the corporation.

The suit was instituted by plaintiff, a holder of common stock of the dissolved corporation, for himself and others in his position who might see fit to join, by a bill in equity against the individual defendants and the Transcontinental Oil Company, alleging that the former were conspiring to appropriate to themselves money due and belonging to shareholders of the Riverside Company; he prayed for an accounting of the assets of that concern and for an order directing distribution of any balance found to be due its shareholders.

Defendants questioned, preliminarily, the jurisdiction of the courts of Pennsylvania to entertain the bill; this issue was decided against them. They next contended that it was necessary to have the Riverside Company joined as a defendant; again they were overruled. The

case then proceeded to trial on the merits, and a decree for an accounting was entered against the individual defendants, the bill being dismissed as to the Transcontinental Company; but no order for distribution was made or even suggested for future consideration. The individual defendants have appealed from the decree ordering the accounting, and complain of the above rulings.

On the other hand, plaintiff, alleging that defendants' appeal rests on jurisdictional questions, has asked us to quash it. He argues that, by not appealing within fifteen days from the decision against them in the court below on the preliminary question of jurisdiction, defendants are precluded, under the Act of March 5, 1925, P. L. 23, from thereafter raising any jurisdictional points in this tribunal.

Prior to the passage of the Act of 1925, we held that the refusal of a court to vacate proceedings for want of jurisdiction was but an interlocutory order, and not appealable: Miller Paper Co. v. Keystone Coal Co., 275 Pa. 40, 43; American Trust Co. v. Kaufman, 279 Pa. 230, 232. The Act of 1925 is intended to permit appeals from orders concerning purely jurisdictional points before proceedings are had on the merits; but, in order to avail himself of this privilege, appellant is required to raise the jurisdictional question preliminarily (Wilson v. Garland, 287 Pa. 291, 293) and to appeal within fifteen days of the entry of a decision against him: Polakoff v. Marchand College, 287 Pa. 28, 30. Thus the time for taking an appeal from a decision in such preliminary proceeding is definitely limited to fifteen days. The act then further provides that "a failure to appeal within the time specified will be deemed a waiver of all objections to jurisdiction over the defendant personally." This clearly prohibits the raising of questions as to jurisdiction of the person at any time thereafter; but it has no such effect where jurisdiction of the subject-matter is the issue involved. The right to appeal directly and

preliminarily is lost after fifteen days, whether jurisdiction of person or of subject-matter be the question, but, under the act, failure to appeal creates a waiver only in regard to the former; for jurisdiction of the subject-matter cannot be conferred by estoppel. So far as the latter character of jurisdiction is concerned, after the expiration of the fifteen days, the situation is exactly as it was before the Act of 1925, and the interlocutory order of the court below, except as to jurisdiction of the person, may be considered on appeal after final judgment on the merits. Here, however, certain of the questions raised by appellants concern the subject-matter of the litigation, and therefore the Act of 1925 affords no basis for quashing the appeal.

Plaintiff further contends, on his motion to quash, that defendants failed to deny their liability to account, and are therefore precluded from maintaining an appeal under the Act of June 24, 1895, P. L. 243, as amended by the Act of March 30, 1921, P. L. 60 (see Beatty v. Safe Deposit etc. Co., 226 Pa. 430, 432; Murphy v. Murphy, 263 Pa. 196, 197); but we are of opinion that defendants' answer constitutes a sufficient denial of such liability to bring it within the act and to entitle them to appeal from the order directing an accounting.

To take up the appeal itself, defendants maintain that the courts of Pennsylvania have no jurisdiction of this case, because it involves the internal management of a foreign corporation. When considering a like contention in Cunliffe v. Consumers' Ass'n., 280 Pa. 263, 268, we recently said: "The question,......on close analysis, will be seen to be [not so much] one of jurisdiction, [as] of discretion in exercising jurisdiction...... The rule [against interference in internal affairs of a foreign corporation] rests more on grounds of policy and expediency than on jurisdictional grounds; more on want of power to enforce a decree......than on jurisdiction to make it." The right to assume jurisdiction over a foreign corporation depends upon its doing business in the

state: Shambe v. Delaware & H. R. R. Co., 288 Pa. 240; Chipman v. Thomas B. Jeffery Co., 251 U. S. 373, 379. That the Riverside Company, during its active life and at the date of its dissolution, was registered in Pennsylvania and doing business here is conceded; and, after the surrender of its charter, all the business that remained,—and there was the business of settlement and liquidation,—was carried on within this State. Therefore, even if the case be regarded as to some extent affecting corporate affairs, there is no real question of the jurisdiction of our courts.

The question is, Should our courts exercise their jurisdiction under the circumstances of the present case? There is, as defendants argue, a well established principle that courts will not interfere in the internal management of foreign corporations, but, as is pointed out in the passage above quoted, this principle is based on a rule of discretion; it rests, not on an actual lack of jurisdiction, but rather on policy which dictates a recognition of the want of power to enforce decrees made in such proceedings where, under the facts of any particular case, the power is lacking.

In a number of comparatively recent cases we have sanctioned the appointment of receivers for foreign corporations (Nat. Guarantee Corp. v. Worth, 274 Pa. 148; Cunliffe v. Consumers' Assn., 280 Pa. 263; Cochran v. Shetler, 286 Pa. 226), and, in one instance, this court permitted mandamus proceedings to be maintained against the officers of such a concern (Evans v. Evans & Co., 284 Pa. 126), in matters which more or less vitally affected the corporation, but which we did not regard as constituting interference in its internal management. The present case is one with which the court below could properly deal. The Riverside Company, when a going concern, carried on no business and owned no property in West Virginia; it maintained its principal office and was doing business in Pennsylvania; all of the individual defendants resided here until shortly before

the filing of the bill, when one of them removed to Oklahoma; there could be no difficulty in enforcing the decree entered by the court below. The court did not attempt to exercise control over the management of the company; it ordered an accounting from defendants within its jurisdiction, and made no effort to pass upon the rights of stockholders, directors, creditors, or the corporation itself in the assets under defendants' control.

This brings us to a consideration of the legal propriety of entering such a decree as here appealed from in the absence from the record of the Riverside Western Oil Company as a party.

Section 59 of chapter 53 of the Code of West Virginia provides that, "Where a corporation......shall be dissolved, its property and assets shall, under the order and direction of the board of directors then in office,...... be subject to the payment of the liabilities of the corporation, and the expenses of winding up its affairs; and the surplus, if any, then remaining, to distribution among the stockholders according to their respective interests. And suits may be brought, continued or defended, the property real or personal of the corporation be conveyed, under the common seal or otherwise, and all lawful acts be done in the corporate name, in like manner and with like effect as before such dissolution ......; but so far only as shall be necessary or proper for collecting the debts......due the corporation,...... prosecuting and protecting its rights, enforcing its liabilities, and paying over and distributing its property and assets or the proceeds thereof, to those entitled thereto."

The Riverside Company being a West Virginia corporation, the law of that state governs the status and powers of the corporation and its directors after the surrender of its charter. Although the above-quoted section does not in terms say so, we agree that its effect is to keep the corporation alive for purposes of settlement

and liquidation. This is the construction placed on the statute in Lynchburg Colliery Co. v. Gauley etc. Ry. Co., 92 W. Va. 144, 148, 114 S. E. 462, 464, where the court said, "The statute.........continues the existence of corporations for the purpose of winding up and settling their affairs."

Such being the case, was the dissolved corporation an indispensable party to the present proceeding? The bill prayed for an accounting and distribution, but the court below disregarded the latter prayer, and made no order whatever concerning payments or distribution. It may be that, under the before-quoted statute, the assets remain the property of the corporation until their distribution is formally ordered, and that the directors, in administering such assets, continue to represent the corporation; further, that, on this theory, no disbursement of funds could be ordered unless the corporation were joined as a party; or it may be that the assets should be viewed as belonging to the shareholders and that the directors ought to be looked upon only as trustees for the latter. But whatever way these points may ultimately be determined,—if it should prove necessary to decide them at all,—for the present only an accounting has been ordered, which adjudicates nothing more than the obligation of the individual defendants to account. However classed, these defendants are the liquidators of the corporation, and since it can move only through them, they, for purposes of performing the acts necessary to its liquidation, are in effect the corporation itself. Therefore, nothing would be gained by joining this purely artificial body—which is alive only to facilitate its liquidation—in the order to account, when its officers, who must do the accounting, are already in court; and we can conceive of no way in which rights of the individual defendants may possibly be prejudiced by the absence of the corporation's name from the record at this time.

Appellants do not deny receipt of the assets alleged in the bill; in addition to the strictly legal defenses already discussed, they resist the order appealed from largely on the ground that circumstances arising out of certain tax claims by the federal government make it inexpedient for them to state an account at the present moment. Defendants claim they have something less than $38,000 belonging to their company, and that, if they now disclose these assets, the government will claim the entire balance on hand; they express the hope that a compromise may be effected and the tax claims so reduced as to leave something for distribution to shareholders of the company. This is not a particularly appealing plea to set before a court. Then, again, more than seven years have elapsed since the legal dissolution of the Riverside Company, and defendants occupy a fiduciary position in regard to its assets; plaintiff is entitled to know how they have been administered. The existence of these outstanding tax claims cannot justify the refusal of an accounting; no proceedings appear to have been instituted looking toward their hoped-for compromise, and there seems to be no certainty that any will be taken. Under such circumstances an accounting might be withheld indefinitely if the contentions of defendants were sustained. Finally, on this branch of the case, should the claims in question prevail, it would appear from the present record that there will be no balance to distribute, and under such circumstances the question of the power of the court below to order distribution would never arise.

Defendants contend, however, that, even if the foregoing be true, they, as directors, are liable to account only to their corporation, and cannot be compelled to account to its individual stockholders. We repeat, that, if the case necessarily involved an order of payment and distribution, the presence of the corporation as a party might be essential; but as the case stands, with these appellants in control of the shell of the corporation, the

stockholders may properly be treated as the interested parties, at least to obtain an accounting; their interest is much more immediate here than it would be in the case of a going or live concern.    Moreover, for present purposes, the bill before us may be sustained as though it were a stockholders' bill, as that term is commonly used; since it appears that, under the law of West Virginia, even after the dissolution of a corporation, certain rights of stockholders continue: Styles v. Laurel Fork O. & C. Co., 45 W. Va. 374, 32 S. E. 227, 228; Stiles v. Laurel Fork O. & C. Co., 47 W. Va. 838, 35 S. E. 986, 989.    True, the present bill does not allege any demand on the corporation to proceed in the matter, but the situation comes well within the recognized exception to this requirement, that, where it is apparent that a demand for corporate action would be futile, the law does not require such a demand as a prerequisite to the maintenance of a stockholder's bill: Wolf v. Pa. R. R. Co., 195 Pa. 91, 95; Treat v. Pa. Mutual Life Ins. Co., 203 Pa. 21, 23; Kelly v. Thomas, 234 Pa. 419, 427; Passmore v. Allentown & R. Tr. Co., 267 Pa. 356; Wilson v. Brown, 269 Pa. 225; Lowman v. Harvey R. Pierce Co., 276 Pa. 382; 14 C. J. 934.    Here, if the corporation were to act, it would have to do so through these very defendants. To call upon the corporation to proceed against the directors on a charge of fraud, and for an accounting, would be to demand that these defendants proceed against themselves; that such a demand would be vain is obvious.    We conclude that the Riverside Western Oil Company was not necessary as a party to obtain the relief decreed by the court below.

The decree is affirmed at cost of appellants.