# Rowley, Appellant, *v.* Rowley.

*Appeals—Equity—Accounting—Partnership Acts of June 24, 1895, P. L. 243, and March 30, 1921, P. L. 60.*

1. Aside from statutory provisions, decrees for accounts are interlocutory.

. 2. The sole .purpose of the Acts of June 24, 1895, P. L. 243, and March 30, 1921, P. L. 60, was to enable a defendant to have his liability to account finally determined before he was put to the trouble and expense of stating an account.

3. The Acts of 1895 and 1921 did not provide for an. appeal by plaintiff.

4. Where a decree is entered for an accounting, and the decree is broader than the plaintiff's prayer for an account, he has no ground for complaint.

5. Any objection which he may have, to the extent of the accounting, may be raised by exceptions to the audit and to the decree nisi.

6. Where a bill prays for a dissolution of a partnership, injunction, appointment of receivers and an accounting, and the court decrees an accounting as to certain joint transactions, from which decree plaintiff appeals, the appellate court will dismiss the appeal, without passing upon the question of partnership, or other questions which may arise by reason of the issue on the alleged partnership.

Argued March 16, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SADLER, JJ.

Appeal, No. 34, March T., 1927, by plaintiff, from decree of C. P. Allegheny Co., April T., 1925, No. 288, for

accounting, on bill in equity, in case of E. H. Rowley v. A. T. Rowley.  Appeal dismissed without prejudice.

Bill for dissolution of partnership, injunction, appointment of receiver and accounting.  Before CARPENTER, J.

The opinion of the Supreme Court states the facts.

Decree for accounting only by MACFARLANE, J.  Plaintiff appealed.

*Error assigned* was, inter alia, decree, quoting it.

*L. C. Barton,* for appellant.

*Albert C. Hirsch,* with him *Owen S. Cecil* and *John M. Freeman,* of *Watson & Freeman,* for appellee.

PER CURIAM, April 11, 1927:

Plaintiff filed a bill in equity alleging the formation of a partnership between himself and defendant about May 1, 1924, the conduct of business by the partnership in Pittsburgh, Pa., and Youngstown, Ohio, and the dissolution of the firm on January 8, 1925, by plaintiff's withdrawal therefrom.  The bill further alleges that, after the dissolution, defendant refused to account to plaintiff in respect to the partnership transactions, and converted the firm assets to his own use.  Plaintiff therefore asked a decree of dissolution of the partnership, together with an injunction forbidding defendant to deal with the partnership property, the appointment of a receiver, and an accounting.  Defendant filed an answer denying the material averments of the bill, particularly that a partnership had been formed, although he admitted there had been an agreement to form one.

The chancellor, CARPENTER, J., who first passed upon this case, filed an opinion in which he said it was clear no partnership had been formed; he ruled, however, that plaintiff was entitled to an accounting of the joint trans-

actions carried on by the parties, and that the question of a receivership would be held in abeyance, pending such an account and its audit. An account was stated, an assessor appointed, his report filed, and exceptions taken by plaintiff. Thereafter Judge CARPENTER died. Since the chancellor's opinion had not stated findings of fact, conclusions of law, and decree nisi, it was suggested that the record was not in proper form; whereupon counsel agreed that the court should make formal findings of fact, conclusions of law and a decree nisi, on the evidence previously taken. From this point the case has proceeded as though it were de novo, and as if, as a matter of fact, no account had yet been filed.

The court below, in carrying out the agreement of counsel, concurred with the chancellor in finding that "the facts do not show a partnership," but "do show that, after the agreement to form a partnership [which defendant admitted], some business was done on...... joint account"; and therefore, the court concluded, plaintiff was entitled to an accounting. The decree was "that defendant file an account of the joint business in the City of Pittsburgh between May 1, 1924, and January 8, 1925, and of the joint business in the City of Youngstown between August 15, 1924, [the date from which plaintiff claimed to be a partner as to business in that city] and January 8, 1925." No disposition whatever was made of plaintiff's prayers for an injunction and appointment of a receiver. Plaintiff has appealed, complaining of (1) the refusal of the court below to find the existence of a partnership, and (2) that the decree was inadequate.

Insofar as this may be regarded as an appeal from a decree to account, we are of opinion that the appeal cannot be maintained. Aside from statutory provisions to the contrary, decrees for accounts are interlocutory (Offerle v. Reynolds L. Co., 170 Pa. 29, 32; Lauer v. Lauer Brewing Co., 180 Pa. 593, 595) and not appealable. It is only by virtue of the Act of 1895, P. L. 243,

as amended by Act of 1921, P. L. 60, that appeals
may be taken from such decrees. The sole purpose of
these acts was to enable a defendant to have his liability
to account finally determined before he should be put to
the trouble and expense of stating an account, and their
application is to be confined to that purpose. In Lauer
v. Lauer Brewing Co., supra, 597, an appeal somewhat
similar to the present one, we said, "It [the Act of 1895]
appears to make no provision for an appeal by the plain-
tiffs"; and in Davidson v. Davidson, 262 Pa. 520, 523,
we stated, "The sole question before us under the Act
[of 1895] is that of liability to account." See also
Beatty v. Safe Deposit Co., 226 Pa. 430, 432; Murphy
v. Murphy, 263 Pa. 196, 197. In the present case, not
only is defendant's liability to account adjudged in favor
of appellant, but the scope of the decree is even broader
than his prayer. He asked an accounting of partnership
transactions alone, while the decree orders an account of
all joint business. Manifestly plaintiff has nothing to
complain of as to the scope of the decree so far as it
orders an account, and therefore he is not in a position
to maintain the appeal on that ground. Any objections
which he may have to the extent of the accounting, etc.,
may be raised by exceptions to the audit and to the de-
cree nisi: Beatty v. Safe Deposit Co., supra; Murphy v.
Murphy, supra; see also Wettengel v. Robinson, 288 Pa.
362, 371.

The question as to the failure of the court below to
grant an injunction is not raised on this appeal, and the
failure to appoint a receiver has been but slightly
touched upon by counsel. It is evident that plaintiff's
prime object is to have an accounting of what may be
due him, and to recover that amount; we are therefore
of opinion that, under the peculiar circumstances here
existing, it is not necessary at this time for us to enter
upon a consideration of questions which may arise by
reason of the issue on the alleged partnership,—either as
it affects the right to maintain the instant appeal (see

Lauer v. Lauer Brewing Co., supra) or concerns the existence of a partnership itself. If it develops that the finding of no partnership, or any other prior finding, affects plaintiff's rights on the accounting, his exceptions thereto can be inquired into on a subsequent appeal. As was said before, an account has been stated, and if it is correct and satisfactory to plaintiff, nothing more need be done; on the other hand, if dissatisfied with it, he can in a proper way raise all questions which may be necessary to secure his rights, and points so made can be brought before us at a later time.

The present appeal is dismissed without prejudice to plaintiff's right to raise all desired issues on exceptions to the account, to the adjudication thereof, or to prior findings of the court below; costs to await the final order of that tribunal.