O'Connor *v.* O'Connor, Appellant.

Argued May 7, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Bernard J. Duffy, Sr.,* with him *Bernard J. Duffy, Jr.,* for appellant.

*A. D. Knittle,* with him *J. P. Bohorad,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, June 24, 1940:

Michael J. O'Connor appeals from a decree ordering him to account to his brother, James O'Connor, the appellee, entered by the court below in a proceeding, in equity, for a partnership accounting.

Appellee's bill, as finally amended, averred the formation of a partnership with himself, the appellant, and one Henry Bambrick, a brother-in-law, as partners, pursuant to a partnership agreement executed December 15, 1912, for the manufacture of ladies' ribbed underwear, etc., under the firm name of "Keystone Knitting Mills." It averred the conduct of the business by these three persons, as partners, until the death of Bambrick, on April 27, 1929, and thereafter, until the institution of this proceeding for an accounting on September 10, 1937, by the appellant and appellee, the two surviving partners, payment of Bambrick's interest in the firm having been made to his estate on July 11, 1929. The bill further averred that appellant has had full charge of the books of the firm since its organization and that there has never been an accounting to appellee, notwithstanding numerous requests by him therefor.

Appellant filed an answer denying the material averments of the bill, particularly that a partnership had

ever been formed, as averred, although he admitted the execution of the agreement to form one, and at the hearing on bill and answer he took the position, and attempted to prove, that he was sole owner of the business and assets of Keystone Knitting Mills.

The chancellor found the facts to be as averred in the bill, and his findings were affirmed by the court in banc. A decree was entered directing that appellant "render an accounting of all of the assets and property of the partnership consisting of Michael J. O'Connor, James O'Connor and Henry Bambrick, trading as the Keystone Knitting Mills, and which are now in his possession," and directing further that appellant "pay to the plaintiff, James O'Connor, such sum or sums of money that may be shown to be due the plaintiff, James O'Connor, by such accounting." It is from this decree that the present appeal was taken.

Aside from statutory provisions to the contrary, decrees for accounts are interlocutory and not appealable. The Act of June 24, 1895, P. L. 243, amended by Act of March 30, 1921, P. L. 60, under the provisions of which this appeal will be regarded as having been taken, allows appeals in such cases to enable a defendant to have his liability to account finally determined before he is put to the trouble and expense of stating an account. But, the Act's application is strictly confined to that purpose; on such appeals we may not consider the extent or details of the account or whether any amount is, in fact, due the plaintiff. The sole question before us under the act is that of liability to account. See *Provident Trust Co. v. Rankin et al.*, 333 Pa. 412; *Sellers et al. v. Hanratty*, 332 Pa. 185; *McCollum v. Braddock Trust Co.*, 330 Pa. 293; *Rowley v. Rowley*, 289 Pa. 171; *Murphy v. Murphy*, 263 Pa. 196; *Davidson v. Davidson*, 262 Pa. 520; *Beatty v. Safe Deposit & Title Guaranty Co.*, 226 Pa. 430.

The material findings of fact of the court below are well supported by the evidence and we do not under-

stand that appellant questions this. Appellant's position, insofar as we are able to comprehend it from the oral arguments and briefs of counsel, is not that there is no liability on his part to account to appellee, as partner, for such assets of the business of Keystone Knitting Mills as may now be in his appellant's possession, a position which manifestly could not be sustained under the facts as found by the court below, but is that the payment of Bambrick's share to his estate and the continuation of the business with the remaining assets under a verbal agreement so to do, by the appellant and appellee, had the legal effect of a final settlement of the firm composed of appellant, appellee, and Bambrick, back of which appellant ought not to be compelled to go in his accounting. This contention overlooks the plain language of the decree appealed from, whereby the scope of the accounting which appellant is directed to render is expressly limited to such assets and property of the business known as Keystone Knitting Mills as are now in his possession. However, even if the extent of the accounting were not so limited, this appeal would nevertheless have to be dismissed under the decisions cited supra, and particularly the cases of *Beatty v. Safe Deposit & Title Guaranty Co.* and *Murphy v. Murphy.* In the former the appellant admitted its liability to account but asked that the decree of the court below directing an accounting be modified because appellant had made settlements up to a certain date, behind which it contended it should not have been compelled to go in the accounting. This Court dismissed the appeal, saying: "To entertain this appeal would be to stretch the act [of 1895] beyond its plain intendment. Where there is a denial of liability by a defendant to account, and the preliminary decree is adverse to him, the purpose of the act is to enable this court to determine whether, under the pleadings and proofs, the plaintiff is entitled to an account, and, if not, to direct the bill to be dismissed, saving the parties to the proceeding fur-

ther tedious and useless litigation. Where there is no denial by the defendant of liability to account no appeal lies by him from the decree ordering him to account merely because, during the period over which his account is to extend, settlements were made by him with those entitled to the account. It is not our province under the Act of 1895 to determine as a preliminary question what period the account shall cover. That remains for the court below as if the act had not been passed. If upon final decree an account as confirmed by the lower court is erroneous for any reason, and the defendant is aggrieved by it, it can be corrected on appeal. . . . It may be that settlements were made, back of which the appellee cannot go, but this is not a question for our determination on this appeal. The only right of the appellant now is to be heard on the decree ordering it to account." In the Murphy Case the following appears: "This appeal is from an order directing the appellant to account to the appellee, with whom he was a partner in building operations. It is taken under the Act of June 24, 1895, P. L. 243, which provides for it where there is a denial of liability to account. The appellant avers his willingness to account, but only from a certain date. Under this averment his appeal must be dismissed."

The argument that an accounting should have been refused because of appellee's alleged failure to establish that the appellant has any partnership assets and property in his possession is nothing more than a contention that the accounting should be refused because appellee has not shown that any sum is due him. As was pointed out in *Davidson v. Davidson,* supra, whether any amount is in fact shown to be due the one seeking the accounting is immaterial. In *Underdown v. Underdown,* 270 Pa. 229, the present Chief Justice said: "The question as to whether a complainant in a bill in equity for an account is entitled to a decree for an accounting, is a preliminary one, and has nothing to do with what

will ultimately be shown by the account. Once a plaintiff has made clear his right to an account, the decree for an accounting necessarily follows; the plaintiff in this threshold inquiry is not called upon to establish the amount due, only the right to have an investigation of what is due." See also *Comstock v. Thompson*, 286 Pa. 457, wherein it is said, at 460: "If a partnership was sufficiently proved, an accounting could properly be asked, though it did not affirmatively appear that any sum is due complainant."

Appeal dismissed at appellant's cost.