## Magee, Exr., *v.* Grange National Bank of Wyoming County, Appellant.

478

Argued March 3, 1942.

Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Robert W. Trembath,* of *Trembath & Farr,* for appellant.

*Wm. W. Hall,* with him *Joseph F. Ogden* and *M. J. Mulhall,* for appellee.

OPINION BY RHODES, J., July 23, 1942:

This is an action in assumpsit in which plaintiff asked for an accounting. The question presented is whether a prior trespass action between the same parties adjudicated the issues in this action. The court below held

that it did not, and that defendant should account. We shall affirm the court's order.[1]

Mabel Vanderworker was the owner of ten shares of stock which she pledged in 1924 with defendant as collateral security for the payment of a note given by her husband, J. J. Vanderworker, to defendant. The note was for $4,300. The last renewal was for $1,700 on August 6, 1932, and was payable on October 6, 1932. In August, 1934, defendant, without notice to plaintiff, transferred her stock to its own name, and thereafter received the dividends until it sold the stock in May, 1935, and received the proceeds of the sale. Mrs. Vanderworker instituted an action in trespass (No. 11, January Term, 1937, Wyoming County) against defendant in which she alleged that the disposition of her stock was wrongful. While that action was pending she brought this action in assumpsit (No. 141, October Term, 1938, Wyoming County). After her death her executor was substituted as plaintiff in both actions which were separately tried. Both cases were heard by Judge VALENTINE, of the Eleventh Judicial District, specially presiding, without a jury under the Act of April 22, 1874, P. L. 109, §1 et seq., 12 PS §688 et seq. In the trespass case, which was first concluded, judgment was entered against defendant for nominal damages in the amount of $1. In that action plaintiff recovered nominal damages because there had been a technical conversion of her stock; but she was not permitted to establish the facts which would have entitled her to an accounting by defendant for the reason that there can be no accounting where the action is trespass. We agree with the court below that the trespass action was not a bar to the action in assumpsit. The remedies sought were not inconsistent; the one did not involve

---

[1] See Act of June 24, 1895, P. L. 243, §1, as amended by Act of March 30, 1921, P. L. 60, No. 31, §1, 12 PS §1104; *O'Connor v. O'Connor*, 339 Pa. 49, 51, 14 A. 2d 306.

or imply the negation of the other. See *Pittsburgh Union Stock Yards Co. v. Pittsburgh Joint Stock Yards Co.*, 309 Pa. 314, 163 A. 668; *Bradley et al. v. Brigham*, 21 N. E. (Mass.) 301. The controlling point in the assumpsit action had not been judicially determined in the trespass action. See *State Hospital for Criminal Insane v. Consolidated Water Supply Co.*, 267 Pa. 29, 38, 110 A. 281; *Hochman v. Mortgage Finance Corp. et al.*, 289 Pa. 260, 263, 137 A. 252. The causes of action were not identical; they could not be sustained by the same evidence. See *Schwan et al. v. Kelly et al.*, 173 Pa. 65, 33 A. 1107; *Jackson v. Thomson*, 215 Pa. 209, 64 A. 421; *Lowry v. Atlantic Coal Co.*, 272 Pa. 19, 115 A. 847. "The true test by which we are to ascertain whether a final determination in a former action is a bar, or not, to a subsequent action, is whether the evidence to support both is the same: *Marsh v. Pier*, 4 Rawle 273": *Nernst Lamp Co. v. Hill et al.*, 243 Pa. 448, at page 451, 90 A. 137, at page 138; *Long et al. v. Stout*, 305 Pa. 310, 318, 157 A. 607.

Admissible evidence in the trespass action would not have established plaintiff's right to an accounting in the assumpsit action. The former was based on and limited to a wrongful conversion of the stock pledged as collateral; the latter included defendant's failure to account for other collateral received by defendant prior to the last renewal of the note, which was to be used for the payment of the debt for which plaintiff's stock had been pledged. In other words, the whole cause of action in the second case was not the same as in the first, and the rule of res judicata does not apply. *Wallace's Estate*, 316 Pa. 148, 153, 174 A. 397; *Cameron Bank v. Aleppo Township*, 338 Pa. 300, 304, 13 A. 2d 40.

The order is affirmed.