Luick *v.* Luick (et al., Appellants).

Argued November 15, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*John A. Metz, Jr.,* with him *John A. Metz, Samuel Krimsley* and *Metz & Metz,* for appellants.

*Maurice Louik,* with him *Harrison & Louik,* for appellee.

OPINION BY HIRT, J., March 23, 1949:

On September 8, 1946, Ralph R. Luick abandoned his wife, the plaintiff in this action, and their six small children. Since that date his whereabouts has been unknown. For some time he had conducted a pawn shop in Pittsburgh in partnership with two others under the firm name of Fort Wayne Loan Office. Each of the partners had a one-third interest in the business. When plaintiff's husband disappeared the two remaining partners immediately dissolved the partnership for the reason assigned, that he had misappropriated partnership funds. And on September 14, 1946, a new partnership was formed by the two remaining partners, with another selected by them, which took over and has continued the business under the name of Fort Wayne Loan Company. No notice of the dissolution of the old partnership was given plaintiff until after its liquidation and the reorganization of the business, to the exclusion of plaintiff's husband, by the present partnership under a new, though similar, firm name. Since his disappearance Ralph R. Luick has not contributed to, nor made provision for, the support of his wife.

This proceeding in equity was brought under the Act of May 23, 1907, P. L. 227, as amended, 48 PS §132, in the first instance to secure an accounting of the interest of plaintiff's husband in Fort Wayne Loan Office, the liquidated partnership, and ultimately looking toward the entry of a decree providing for her suitable maintenance out of the value of that interest. The defendant husband was served constructively by publication in accordance with § 2 of the Act of April 6, 1859, P. L.

387, 12 PS § 1255. Such service is authorized by the 1907 Act where the absconding husband has real or personal property within the jurisdiction of the court and cannot be found. Defendants have appealed from the order of the court requiring them to state an account of the liquidated partnership. The order will be affirmed.

At the hearing before the court below it was contended that when Ralph R. Luick deserted his wife, his interest in the partnership, Fort Wayne Loan Office, was worthless because of his misappropriation of partnership funds in excess of the value of his one-third interest. It now is conceded, however, as it must be, that while his misappropriations of partnership property may affect the final result, they cannot bar plaintiff's right to an accounting: *Wilson v. Keller*, 195 Pa. 98, 45 A. 682; *O'Connor v. O'Connor*, 339 Pa. 49, 14 A. 2d 306. Ralph R. Luick separated from his wife without reasonable cause. And at this stage of the proceeding, on the question of jurisdiction of the court, it must be assumed that an accounting will disclose that plaintiff's husband had a property interest in the assets of the existing partnership when he left the jurisdiction.

A partner's interest in the partnership is his share of the profits and surplus, and is personal property. Uniform Partnership Act of March 26, 1915, P. L. 18, part V, §26, 59 PS §73. And appellants argue that the lower court was without jurisdiction in this case because, assuming that his partnership interest had value, there was no property of the husband within its jurisdiction. It is contended that the maxim *mobilia sequuntur personam* controls and that the situs of the intangible partnership interest of plaintiff's husband followed him when he left his home for parts unknown.

The maxim has no application in a wife's proceeding under the 1907 Act for support out of her husband's personal property, whether tangible or intangible, within the jurisdiction of the court at the time of his separation

from her. We are not in accord with all of the statements of this Court in *Eldredge v. Eldredge,* 128 Pa. Superior Ct. 284, 194 A. 306, not essential to the decision in that case, on which defendants rely. The question there was whether an action in rem could be maintained under the 1907 statute to obtain support for a wife out of a mortgage in a county other than where the mortgagor or the mortgagee resided or in which the mortgaged land was located. In that action, brought in Philadelphia County, the mortgagors resided in Chester County and the property covered by the mortgage was located there. Plaintiff's husband had an interest in the mortgage which he had inherited from the mortgagee; he had deserted his wife and his whereabouts was unknown. The case was correctly decided on its facts. For want of property of the husband in Philadelphia County the lower court was without authority to assume jurisdiction in an action in rem under the 1907 Act.

In modern practice the force of the maxim in question has been much relaxed, yielding more and more to the *lex rei sitae* of personal property. In a leading case, it is said: "The situs of personal property in a jurisdiction other than that where the owner of the property is domiciled has given rise to many difficulties and perplexities. The maxim *'mobilia sequuntur personam'* cannot always be carried to its logical conclusion. Practical considerations often stand in the way. Physical presence in one jurisdiction is a fact, the maxim is only a juristic formula which cannot destroy the fact": *Hutchison v. Ross,* 262 N. Y. 381, 187 N. E. 65. The doctrine no longer applies to tangibles. *Commonwealth v. Stewart,* 338 Pa. 9, 12 A. 2d 444, and the maxim, being a rule of the common law, is subject to modification by statute. In general the operation of the maxim "is restricted to the field within which the State, where that property is found, chooses to apply other laws than its own, and modern conditions have caused a limitation of

that field to narrow bounds": *Hutchison v. Ross,* supra. The spirit and policy of our law is to protect a deserted wife by providing for her support. And for this purpose, the Act of 1907 has written an exception into the operation of the rule in this State. It specifically provides that a deserted wife may proceed "against any property, real or personal", of her husband for her support. Property within the jurisdiction of the court is essential. But the Act contemplates the husband's personal property including intangibles, actually within the jurisdiction of the court, unaffected by any fiction that its situs for other purposes may be elsewhere. Any other construction of the Act would work an absurd result and would be the equivalent of saying that its language is meaningless.

There is close analogy between an action in rem against a partnership interest, under the Act of 1907, and foreign attachment of the interest of a non-resident in a partnership. It is settled law that "The interest of a partner in firm assets is personalty, and as such liable to foreign attachment": *Rankin v. Culver et al.,* 303 Pa. 401, 154 A. 701. And there is identity in principle between the instant proceeding and *Jones v. Jones,* 344 Pa. 310, 25 A. 2d 327. In that case the wife-plaintiff, deserted by her husband, sought to reach his future interest in trusts by an action in equity under the 1907 Act, in Allegheny County where the trusts were administered. In deciding that the court had jurisdiction, Mr. Justice PARKER said: "Any situs assigned to intangibles is purely fictitious and may vary according to the purpose of the proceedings: . . . This Commonwealth has the power, through the presence of the trust res and the administration of the trust res to subject appellant's interests to satisfaction of claims against him. It would be unrealistic and unduly legalistic in a suit under the Act of 1907 not to say that these intangibles have a situs

in this Commonwealth, if they must be assigned any situs at all".

The partnership of which Ralph R. Luick was a member has been dissolved and liquidated. An accounting by the successor partnership which took over its assets will determine the value of his interest, which will be available for the support of the wife in this proceeding.

Order affirmed.