# Davidson *v*. Davidson, Appellant.

*Equity—Equity practice—Trust and trustees accounting—Appeal from decree directing an account—Act of June 24, 1895, P. L. 243.*

1. An appeal taken under the Act of June 24, 1895, P. L. 243, from a preliminary decree in an equity suit, directing the defendant to account, will not be reversed where the evidence for complainant tends to show that, for a number of years, the defendant made investments for and attended to the financial affairs of the complainant, that the transactions between the parties were an open running account, the last item of which was a payment by defendant within the limitation period at the time the bill was filed; and that moneys were due to complainant.

2. On such an appeal the appellate court will not take into consideration the extent or details of the account, or whether anything was in fact due the complainant.

*Equity—Equity practice — Findings of plaintiff — Adoption of finding by the court—Equity Rule 62.*

3. It is not error for the trial court, in an equity case, to adopt the requests for findings of fact and conclusions of law submitted by one of the parties. Such practice is authorized by Equity Rule 62.

*Practice, C. P.—Continuance—Discretion of court.*

4. An order refusing a continuance is within the sound discretion of the trial court, and will not be reversed unless an abuse of discretion is shown.

Argued Oct. 7, 1918. Appeal, No. 4, Jan. T., 1919, by defendant, from decree of C. P. Lackawanna Co., Oct. T., 1916, No. 12, directing an accounting in case of F. R.

Davidson v. C. P. Davidson.    Before STEWART, MOSCH-
ZISKER, FRAZER and FOX, JJ.    Affirmed.


Bill in equity for an account, delivery of stocks and
payment of money.    Before O'NEILL, J.

Testimony was taken on behalf of the plaintiff.    De-
fendant offered no evidence.

The court entered the following decree:

"Now, January 28, 1918, this cause came on to be heard
at a term of equity court, and was argued by counsel, and
upon consideration thereof it is ordered, adjudged and
decreed as follows:

"First. That the defendant account to the plaintiff
as to all matters included in the court's findings of fact
and conclusions of law, the account to be filed within
thirty days from this date.

"Second. That the defendant pay the costs of this pro-
ceeding."


*Error assigned,* among others, was the decree of the
court as above, quoting it; and refusal of continuance.


*M. J. Martin,* with him *J. H. Price, C. B. Price* and *S.
B. Price,* for appellant.—A chancellor should not adopt
the requests of plaintiff for findings of fact and law,
verbatim, as his decree, without an opinion: Wilbur's
App., 10 W. N. C. 101; Morgan's App., 125 Pa. 561;
Rankin v. Rankin, 224 Pa. 514; Hunt v. P. & R. R. Co.,
224 Pa. 604; Kicinko v. Petruska, 259 Pa. 1.

The decree should have been for an account merely:
Dampf's App., 106 Pa. 72; Collyer v. Collyer, 38 Pa. 257;
Christy's App., 92 Pa. 157.

Actions upon account are limited to six years: Zach-
arias v. Zacharias, 23 Pa. 452; Downey v. Garard, 24 Pa.
52; Hostetter v. Hollinger, 117 Pa. 606; Smith v. Blach-
ley, 198 Pa. 173; Barton v. Dickens, 48 Pa. 518; Mellish's
Est., 1 Parson's Select Eq. Cases 482.

*John P. Kelly* and *Charles P. O'Malley,* with them *John M. Gunster,* for appellee.—The plaintiff is entitled to an account from the defendant: Bradley v. Jennings, 201 Pa. 473; Dick's App., 106 Pa. 589; Consolidated Oil Well Packer Co. v. Jarecki Mfg. Co., 157 Pa. 342; Schoch's App., 33 Pa. 351; Conyngham's App., 57 Pa. 474; Bierbower's App., 107 Pa. 14; Diller v. Brubaker, 52 Pa. 498.

The judge in equity cases may adopt and use the language of requests by either party: Dickey v. Norris, 216 Pa. 184.

The court did not abuse its discretion in refusing a continuance: Meckes v. Pocono Mt. Water Supply Co., 203 Pa. 13; Cowperthwaite v. Miller, 2 Philadelphia 219; Jones v. Little, 1 Dall. 182; Lingenfelter v. Williams, 9 Atl. 653, 7 Sadler 70.

No lapse of time is a bar to a direct trust, between the trustee and cestui que trust, so long as the fiduciary relation exists: Johnston v. Humphreys, 14 S. & R. 394; Walker v. Walker, 16 S. & R. 378; Webster v. Newbold, 41 Pa. 482; Barton v. Dickens, 48 Pa. 518; Bear's Est., 9 Pa. Superior Ct. 492; Marshall's Est., 138 Pa. 285.

OPINION BY MR. JUSTICE FRAZER, January 4, 1919:

Defendant appeals from a decree of the court below directing him to render an account to plaintiff as trustee for shares of stock coming into his hands from time to time for the benefit of plaintiff. The appeal is taken under the provisions of the Act of June 24, 1895, P. L. 243, allowing an appeal by defendant in equity cases upon the preliminary question of liability where complainant prays for an account and defendant denies liability.

Plaintiff and defendant are brothers, and for a number of years previous to August 30, 1901, defendant made investments for and attended to the financial affairs of plaintiff. On the date mentioned an account was agreed upon between them and an agreement signed wherein

plaintiff acknowledged he owed defendant a specified sum of money and defendant acknowledged he held, as security for such indebtedness, shares of stock of the United States Lumber Company, and also other shares for account of plaintiff and subject to his order. The bill avers, and the court below found, that, subsequent to the date of the writing above referred to, defendant bought and sold for plaintiff, at various times, shares of stock of other corporations pursuant to verbal agreement whereby defendant continued to attend to the purchase and sale of stocks for plaintiff. The answer admits there were stock transactions between the two but denies indebtedness to his brother and avers plaintiff is indebted to him "on the various transactions which I have had with him" in a sum exceeding $50,000. Defendant offered no evidence at the hearing and the testimony on behalf of plaintiff to the effect that defendant was acting as trustee for him in various transactions was ample to sustain the findings and conclusions of the court below that defendant became a trustee for his brother and was liable to account as such.

Consideration of the extent or details of the account, or whether any amount is, in fact, due plaintiff is unnecessary at this time. The sole question before us under the act is that of liability to account: Beatty v. Safe Deposit & Title Guaranty Co., 226 Pa. 430. The agreement the court found existed between the parties, though oral, created a valid and enforceable trust (Dickey v. Stevenson, 198 Pa. 447; Washington's Est., 220 Pa. 204) which was a continuing one and, consequently, not barred by the statute of limitations (Barton v. Dickens, 48 Pa. 518), in absence of a termination by settlement or repudiation by the trustee: Marshall's Est., 138 Pa. 285; Smith v. Smith, 38 Pa. Superior Ct. 251. The transactions between the parties were an open running account, the last item consisting of a payment by defendant March 1, 1911, which was within the limitation period before filing the bill.

Defendant moved for continuance of the case alleging he was physically unable to appear and depositions were taken in support of the motion. Examination of the depositions shows that although defendant was absent in Florida by advice of his physician on account of ill health, his condition was not such as would indicate a serious risk in attending the hearing. An application for continuance is an appeal to the discretion of the court below and, under the circumstances developed in this case, it does not appear the discretion was abused: Hall v. Vanderpool, 156 Pa. 152; Gillman v. Media, Etc., Railway Co., 224 Pa. 267; Commonwealth v. Fencez, 226 Pa. 114.

Defendant also complains of the action of the court below in adopting the requests for findings of facts and conclusions of law submitted by plaintiff. There is no merit in this complaint as Equity Rule 62 specifically authorizes the judge to adopt or affirm requests submitted by the parties or state his findings and conclusions in his own language. This practice was approved in Dickey v. Stevenson, supra.

The decree of the court below is affirmed without prejudice, however, to the rights of defendant to set up such defense he may have either as to the stocks to be included in the account or their amounts and values.        •