GODFREY R. REBMANN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25132. Promulgated February 20, 1930.

*J. Warren Brock, Esq.,* for the petitioner.
*Harold Allen, Esq.,* for the respondent.

OPINION.

PHILLIPS: The sole issue before us is whether in November or December, 1922, petitioner established a valid trust of 500 shares of the preferred stock of the American Engineering Co. for the benefit of each of his four children, G. Ruhland Rebmann, Jr., Paul C. Rebmann, Walter Rebmann, and Anna K. Rebmann.

The petitioner admits liability for $829.80 of the deficiency asserted against him, leaving the amount of taxes in controversy, $3,061.35, which arises from the Commissioner having included in income $12,000, representing the dividends received by the petitioner in the calendar year 1923 on 2,000 shares of the preferred stock of the American Engineering Co. held by him. The petitioner contends that this stock was held by him as trustee for the benefit of his·four children.

The petitioner urges that the intention to constitute a trust is evidenced by the subsequent acts of the donor and points out that in May, 1923, he purchased 200 shares of the common stock of the Otis Elevator Co. and had it transferred to his four children, 50 shares to each of them, charging them with the purchase price of the stock and crediting them with $3,000 each, which amount was equal to the dividends which he received during 1923 on 500 shares of the preferred stock of the American Engineering Co.

The respondent contends that the petitioner merely expressed an intention to make a gift in the future and that he did not constitute a trust; that his subsequent acts were consistent with this intention and that his final disposition of the stock by transferring 1,000 shares to his son Walter and 1,000 to his daughter Anna was inconsistent with an intention to create a trust in 500 shares for the benefit of each of his four children. So far as this last point is concerned, it seems sufficient to point out that the effect of these transfers in 1923 was merely to effect equal division of the stock of the American Engineering Co. among the four children, while avoiding a multiplicity of transfers.

Under the laws of Pennsylvania, and the weight of authority, a valid trust in personal property may be constituted by parole, *Davidson* v. *Davidson*, 262 Pa. 520; 106 Atl. 64; *In re Washington's Estate*, 220 Pa. 204; 69 Atl. 747. No particular form of words is necessary to constitute a trust by parole, *Stines* v. *Carton*, 129 Atl. 251; *Chicago, Milwaukee & St. Paul Ry.* v. *Des Moines Union Ry.*, 254 U. S. 196, but the intention to create a trust must be clear and unambiguous, *Dahlgren* v. *Dahlgren*, 1 Fed. (2d) 755; *Allan* v. *Withrow*, 110 U. S. 119, and it must be reasonably certain in its terms with a definite subject, object, and purpose.

As was said in *Beaver* v. *Beaver*, 117 N. Y. 428; 22 N. E. 940, " To constitute a trust there must be either an explicit declaration of trust or circumstances which show, beyond a reasonable doubt, that a trust was intended to be created. It would introduce a dangerous instability of titles, if anything less was required, or if a voluntary trust *inter vivos* could be established in the absence of express words, by circumstances capable of another construction or consistent with a different intention."

If a trust was constituted by petitioner at all it was constituted in November or December, 1922, when he told his wife and two or three of his children that he "intended to give" or was "going to give" each of his four children 500 shares of the preferred stock of the American Engineering Co., and that he would "keep the dividends and buy them stock." The language used by the petitioner was an expression of his present intention to act in the future. Both his language and his future acts indicate that in 1922 it was his intention thereafter to invest the dividends on this stock for the account of his children and at some future, undetermined time to give them the stock itself. He did not wish or intend to give it to them at that time.

It is a principle requiring no citation of authority that an unexecuted gift is not enforcible either at law or in equity and will not be enforced through the device of declaring a trust. This is conceded by counsel for petitioner, who states his contention to be "that it was the intention of the petitioner in making the declaration with respect to the shares of stock here involved, then and there to transfer the equitable title or beneficial interest in said stock to his children, retaining legal title thereto as trustee only and that the declarations of the petitioner were an expression of this intention and not merely of an intention to make a gift *in futuro*."

We are of the opinion that the record does not support this contention. It appears that the petitioner and his wife had previously created for their children what the petitioner describes as "a regular trust put through the courts of Philadelphia, all drawn up in writing." He was familiar with the method by which a trust could be formally created. There were, however, good reasons which are set out in his testimony, but which we need not detail here, why he wished to retain control over both the stock and the dividends and did not wish at that time to vest any enforcible claim against the stock in his children. We have no doubt that the petitioner had a bona fide intention to give the stock to his children when he felt the proper time had come, and in the meantime to invest the income for their account. In our opinion the circumstances negative any intention that an interest should be created in the children which would be legally enforcible by them should circumstances develop in the future which made some other arrangement more desirable. Our conclusion is that petitioner neither gave this stock to his children in 1922 nor created a trust. The children had no enforcible claim to either the stock or the dividends. These dividends were the property of the petitioner and taxable as a part of his income.

In view of the conclusion we have reached respecting the intention of the petitioner, it is unnecessary to consider if, and when,

his declarations and acts would have been sufficient to have constituted an execution of an intent to create a trust, had such intent existed.

*Decision will be entered for the respondent.*