## Commercial Casualty Insurance Co. *v.* Martin et ux., Appellants.

Argued October 9, 1934. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Charles H. Sachs,* of *Sachs & Caplan,* with him *Joseph Schutzman* and *M. M. Demond,* for appellants.

*W. Clyde Grubbs,* with him *J. M. McCandless,* for appellee.

PER CURIAM, November 26, 1934:

Clement Martin and Alma S. Martin, his wife, defendants in a proceeding in equity instituted by Commercial Casualty Insurance Company to obtain the appointment of a receiver, have appealed from a decree of the court below ordering defendants to execute and carry out an agreement of settlement made in their behalf and with their consent by their attorney at the time the case was called for trial. The agreement provides, among other things, that defendants shall convey to a trustee four parcels of real estate located in the City of Pittsburgh, this property to be held as security for any loss incurred by plaintiff arising from Clement Martin's default under a bond, in which plaintiff was surety, given in connection with a building construction contract. The record discloses that, at the time of the trial, attorneys for both parties, acting with the knowledge and consent of their clients, entered into an agreement of settlement, the provisions of which were evidenced by a written memorandum, that subsequently the terms of the settlement were set forth at length and in detail in a trust agreement prepared by plaintiff's attorneys, but that defendants have refused to sign the latter instrument or fulfill its terms. This subsequent agreement differs in no material respect from the original memorandum of settlement, and the sole reason advanced for defendant's failure to execute it is the prolonged illness of defendant Clement Martin. The settlement agreed upon is fair and reasonable and supported by adequate consideration. Under these circumstances the court below did not err in ordering defendants to execute the agreement and comply with its terms.

The decree is affirmed at appellants' costs.