## Galloway *v.* Schweisfurth et al., Appellants.

Argued January 9, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*E. LeRoy van Roden,* for appellants.

*George Maxman,* with him *Guy G. de Furia,* for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, January 30, 1939:

Appellee, a widow 80 years old, filed this bill against appellants, her daughters, for reconveyance of real and personal property obtained from her by fraud, and for an accounting. The answer admitted appellee's prior ownership and appellants' receipt of all but three items, but denied any wrongdoing. When the case came on for hearing, the chancellor suggested a settlement and recessed court to allow counsel and the parties to confer. They returned and announced an agreement. Counsel made stipulations embracing all the properties, and verbally agreed to an accounting and the creation of a trust for the life of appellee, with provision for equal distribution of the principal among her three daughters on her death. The introduction of testimony was waived and the hearing treated as final. All of appellants were present, and one participated in the colloquy. The chancellor ordered the agreement to be transcribed upon the record, instructed counsel to file requests for findings and conclusions, pro forma, and marked the case settled.

More than a month later appellants retained new counsel and filed a petition asking a hearing on the merits, averring that their former attorney was not authorized to enter into a settlement or stipulation, and that they had not understood the effect of the proceed-

ings. A rule to show cause was granted, and in the interim an interlocutory order was handed down restraining appellants from disposing of the property. Requests for findings and conclusions were filed for both parties prior to the hearing on the rule. On the return day, appellants' counsel being absent, his associate asked a continuance and stated he was not prepared to present evidence to support the petition. The court below refused the continuance, and discharged the rule. On the same day, a decree nisi was filed in accordance with the recorded agreement. Exceptions were dismissed by the court en banc, and a final decree thereupon entered.

The court below has found appellants were present in court and fully assented to the agreement reached by counsel, with complete understanding of its effect. Under these circumstances, the entry of a final decree thereon was justified. See *Commercial Casulty Ins. Co. v. Martin et ux.*, 316 Pa. 479. No evidence was presented in support of the petition for a hearing on the merits, and even if it be regarded as a petition for rehearing under Equity Rule 78, such an application is addressed to the chancellor's sound discretion: *Myers' Admrx. et al. v. Marquette*, 311 Pa. 198, 202; *Warnick v. Conroy et al.*, 318 Pa. 232, 236; 8 Stand. Penna. Prac. 281.* A continuance is likewise discretionary. See *Davidson v. Davidson*, 262 Pa. 520, 524.

The record affords no basis to hold that there has been an abuse of discretion. Nothing except the controverted statements of appellants' present counsel is opposed to these findings and the regularity of the proceedings.

Decree affirmed at appellants' cost.

---

* And see *Queen-Favorite B. & L. Assn. v. Burstein et al.*, 310 Pa. 219, affirming a decree entered on bill and answer, where it was said (p. 224): "Appellants ask that the case be sent back so that they may present oral evidence. Appellants' witnesses were in court and it was their duty to submit testimony at that time, but they evidently preferred to chance having the case tried on bill and answer alone."