411 A.2d 834

**CONTINENTAL COIFFURES, LTD.**

v.

**Laura KIMBLE, t/d/b/a Robert's Hairdressers, Appellant.**

Superior Court of Pennsylvania.

Argued April 9, 1979.

Decided Oct. 12, 1979.

Maurice A. Nernberg, Pittsburgh, for appellant.

Jerome M. Libenson, Pittsburgh, for appellee.

Before PRICE, HESTER and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The instant appeal arises from an Order of the lower court granting a Petition to enforce a settlement agreement involving the parties. The record shows that the underlying

dispute involves an attempt by the Appellee to prevent a former employee from violating a restrictive employment covenant, and to further prevent the Appellant, that employee's present employer, from disturbing the Appellee's contractual relationships with its employees and former employees, as well as its customers.

More specifically, the Appellee, Continental Coiffures, Ltd. (hereinafter referred to as "Continental"), filed an equity action against one Karen McGrogan for breach of a written employment agreement, which by its terms, *inter alia*, prohibited McGrogan from engaging in competition with Appellee within a limited area and for specific time. Continental also filed an action in equity against the Appellant, Laura Kimble, t/d/b/a Robert's Hairdressers (hereinafter referred to as "Kimble"), seeking to enjoin Kimble's conduct in causing some employees of Continental to leave Continental's employment to go to work for Kimble. Both Continental and Kimble operate beauty salons in the South Hills Village Shopping Mall, located in the South Hills area of Pittsburgh. Kimble had herself left Continental's employment to establish her own beauty salon, approximately 100 yards from Continental's facility in the same Mall.

Both Kimble and McGrogan were represented before the lower court by the same attorney. Several days of testimony had been heard by the lower court as to both cases, although the cases were never formally consolidated, before the parties reached a purported settlement on or about June 28, 1978. The lower court had been advised of the settlement negotiations and at the end of negotiations, counsel for Continental as well as counsel for McGrogan and Kimble, put the terms of the purported agreement on the record and sought the Court's approval of such terms in the form of a Consent Order. At the time of the discussion of settlement and a proposed Consent Order with the Court, all of the parties were present in the courtroom together with their respective attorneys, and the discussions which took place were made a part of the record and transcribed. Thereafter, when the formal Consent Order was prepared, Kimble

opposed the Order, and refused to become a party to it. Continental thereafter petitioned the lower court to enforce the settlement agreement. Kimble, through new counsel, contended that when the settlement was made, her attorney had a conflict of interest. The lower court rejected that position and ordered that the settlement be enforced. McGrogan did not oppose the settlement and her case is not before this Court on the instant appeal.

Having examined the record in its entirety, we must agree with the lower court which found that Kimble should not be excused from the settlement agreement due to any alleged conflict of interest on the part of her trial counsel. It is clear from the record that both Kimble and McGrogan sought the same end. That is, both wished to resolve the cases by having McGrogan continue to work for Kimble. This end was agreed upon and made binding in accordance with the terms of the settlement agreement, a written document which was prepared by the parties, read into the record in the presence of the parties, and thereafter incorporated into the final Order.

A short departure from the conflict of interest issue is appropriate to discuss the fundamental issue of whether Kimble became bound by the settlement agreement as a result of the proceedings of record in the lower court. Considering those proceedings, we find a case cited by the Appellee, *Galloway v. Schweisfurth*, 333 Pa. 507, 3 A.2d 916 (1939) particularly appropriate for comparison. In that case, the Supreme Court held that where the defendants were present in Court, and with complete understanding of its effect, fully assented to a settlement agreement reached by counsel, entry of a final decree thereon was justified. While Kimble has argued that the record does not show conclusively that she fully assented to the settlement agreement, the totality of the record, including her comments and those of her counsel, indicate an intent to fully comply with the terms of that settlement which was announced before the Court. In short, we have no hesitancy about affirming the lower court's finding of fact that Kimble's assent is clear in the record.

Having found that Kimble agreed to be bound by the settlement agreement, it appears that the only excuse for nonperformance, on her part, would be if a finding of a conflict of interest on the part of her counsel is possible. We find the ethical and disciplinary considerations which Kimble advances insufficient to support her allegation of a conflict of interest. Rather, they seem to support a finding that there was no conflict of interest. Kimble's counsel's professional judgment obviously did not adversely affect Kimble's interest, since the settlement agreement and the final Order successfully attained the goals which both she and McGrogan sought. See Code of Professional Responsibility, Ethical Consideration 5–14, which discusses the problem which arises whenever a lawyer is asked to represent two or more clients who may have differing interests, whether such interests be conflicting, inconsistent, diverse or otherwise discordant. Both clients consented to the settlement agreement after having been advised of the existence and nature of the claims involved in the proposed settlement and the participation of each of them in the settlement. See Code of Responsibility, Disciplinary Rule 5–106, which discusses the requirement that in the making of an aggregate settlement on behalf of two or more clients, a lawyer shall assure that each client has consented to the settlement after being advised the existence and nature of all claims and other matters involved in the settlement. In the instant case, it is clear that each client was in the position to evaluate her need for representation free of any potential conflict and obtain other counsel if she so desired. In that regard, see Code of Professional Responsibility, Ethical Consideration 5–16.

It clearly appears that Kimble's claim of a conflict of interest is merely an afterthought in an effort to avoid a perfectly valid and binding agreement to settle a dispute. Both the record and the terms of the final Order reveal counsel's effectiveness in securing that which both Kimble and McGrogan sought. There is no basis for setting aside the agreement on the ground of alleged conflict of interest.

514

Thus, the Order enforcing the settlement agreement shall be affirmed.

Affirmed.