J-A35039-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ONLINE AUCTIONS C/O SUSAN MILLER, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BRIMAR ENTERPRISES, LLC AND MARK SCHOLL, INDIVIDUALLY AND ACTING IN HIS CAPACITY AS MANAGER OF BRIMAR ENTERPRISES, LLC AND BRIAN KIGER, INDIVIDUALLY AND ACTING IN HIS CAPACITY AS MANAGER OF BRIMAR ENTERPRISES, LLC, | |
| Appellee | No. 391 WDA 2014 |

Appeal from the Order Entered February 25, 2014
In the Court of Common Pleas of Washington County
Civil Division at No(s): 2009-10718

BEFORE:  BENDER, P.J.E., BOWES, and ALLEN, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JANUARY 20, 2015**

Online Auctions C/O Susan Miller ("Tenant") appeals from the order dismissing her complaint after she failed to appear on the scheduled date of her jury trial.  After careful review, we vacate the order and remand for additional proceedings.

The underlying facts in this matter stem from a landlord-tenant dispute that arose in 2005.  Tenant rented commercial space from Appellees, ("Landlords") on October 15, 2005, for a retail clothing store.  According to Tenant, she notified Landlords on November 2, 2005, of a plumbing issue in a space above her rental property.  She averred that on November 10,

2005, the ceiling in her space began to collapse. Tenant also maintained that she informed Landlords of a serious roof leak at the property on December 1, 2005, and that her ceiling collapsed on December 5, 2005, damaging her personal property stored at the rental space. In addition, Tenant claimed that she notified Landlords on June 9, 2006, of a serious water leak from the roof. Tenant submitted that Landlords accepted responsibility for the damage to her property, agreed to fix the roof, and promised to reimburse her for her losses. However, Tenant alleged that Landlords failed to adequately correct the roof or water problems and did not pay for the damage to her property.

Subsequently, Landlords filed a complaint to evict Tenant before the magisterial district judge on April 15, 2008. Tenant filed a counterclaim alleging that Landlords breached her lease, were negligent, and illegally were trying to evict her. The magisterial district court conducted a hearing on the matter on May 5, 2008. Landlords were not present due to a scheduling error. The magisterial district judge entered an award for $8,010 in favor of Tenant. Landlords timely appealed and Tenant filed a complaint with the court of common pleas alleging the same facts from her counterclaim. The trial court dismissed Tenant's complaint after she failed to comply with discovery requests and orders.

Tenant appealed to this Court. We dismissed that appeal, on January 28, 2010, after Tenant failed to file a brief.[1] However, Tenant did not vacate the rental space and Landlords filed a complaint for eviction on November 19, 2009. Tenant filed a counterclaim largely reasserting her prior claims from the previous litigation. The magisterial district court entered an order in favor of Landlords and denied Tenant's counterclaims. Tenant appealed and Landlords filed a complaint in eviction before the trial court. Tenant also filed a complaint duplicative of her counterclaims from the November 19, 2009 litigation. The eviction complaint and Tenant's appeal from the magisterial district court were consolidated, and Landlords prevailed. Tenant again appealed. This Court, however, quashed that appeal on May 16, 2012.

Tenant's separate complaint is the subject of this appeal. Although ostensibly arguing much of the same positions previously set forth in the prior cases, Landlords did not raise below any arguments relative to *res judicata* or collateral estoppel. Landlords did not challenge any of Tenant's claims as failing to state a cause of action. Ultimately, the case was placed on the trial list and scheduled for trial on February 3, 2014. The order scheduling the trial was mailed to Tenant on January 14, 2014, and

---

[1] Tenant misleadingly posits that we remanded the case to the trial court because the trial court did not notify her of a hearing date and time. **See** Tenant's brief at 12 n.2. The case was not remanded for additional proceedings.

indicated that no continuances would be granted. Tenant attempted to postpone the scheduled trial date, claiming that she did not learn of the scheduled trial date until January 24, 2014. Accordingly, on January 27, 2014, Tenant filed with the trial court a motion for continuance seeking a new trial date.[2] The court did not rule on that motion, and maintained on the date of trial that it had not addressed the motion because it had not been presented in motions court or left with the court.

On the day of the scheduled trial, Tenant did not appear. However, her mother contacted Landlords' counsel by phone at approximately 8:15 a.m., and indicated that she was taking Tenant to the emergency room. According to Landlords' attorney, he advised Tenant's mother that she should contact the court since he did not control whether the trial was postponed. The record reflects that the trial court received a message from Tenant's mother at 9:22 a.m., who indicated that she was taking her daughter to Jefferson Hospital and provided a contact number. Tenant's mother also telephoned the district attorney's office stating that she was transporting Tenant to the Mon Valley Hospital. That office emailed the trial judge this message. The court contacted Jefferson Memorial Hospital and spoke with an emergency room nurse who acknowledged that Tenant had

_____

[2] Tenant erroneously maintains in her brief that she filed this motion on January 23, 2014. The motion was not docketed until January 27, 2014.

- 4 -

arrived at that hospital. According to the court, it asked the hospital to fax any papers indicating what treatment Tenant was seeking and left a fax number. At this juncture, it was shortly after 11:00 a.m., and the court, at the suggestion of Landlords' counsel, recessed until 1:00 p.m.

When the court reconvened, it placed on the record that hospital staff had informed the court that Tenant was being treated for a breathing ailment and was unsure whether Tenant could participate at trial. According to the court, the emergency room physician was unable to state that Tenant could appear. A member of the court's staff also spoke with Tenant's father, who was at the hospital, and requested that the doctors fax a diagnosis of Tenant, and indicated that the court would wait until 1:00 p.m. to begin jury selection. Thereafter, Tenant's mother informed the court that Tenant would not be attending. Importantly, the emergency room department did fax a form that set forth that Tenant was being treated for respiratory problems and a rash, and asked that Tenant be excused from court attendance.

Landlords moved for dismissal, maintaining that it appreciated the doctor's excuse, but that counsel had been involved with the case for a substantial period and that this was "just one more opportunity for [Tenant] to take advantage of the system and to avoid facing responsibility of either resolving the case amicably or dismissing it or prosecuting it." N.T., 2/3/14, at 17. The court then granted Landlords' oral motion to dismiss for failure to prosecute. It added that Tenant could not resurrect the case unless she

paid "all costs for what has occurred here today and that would include the cost of the jury being here, whatever is outstanding to the witness that she subpoenaed and I would as [Landlords' counsel] to calculate the sums that they have charged and have been taken out-of-pocket due to this unforeseen circumstance to the Court." *Id*.

Tenant filed a timely petition seeking to vacate the order and requesting a new trial. The court denied that motion on February 25, 2014. This timely appeal ensued. The trial court directed Tenant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Tenant complied, and the trial court authored its Pa.R.A.P. 1925(a) decision. The matter is now ready for our review. Tenant presents the following issues for this Court's consideration.

1. Did the trial court commit [an] error of law, abuse of discretion and violation of Miller's constitutional rights by dismissing Miller's case with prejudice despite the fact that the trial court, the trial judge, and the defendants' lawyer were immediately notified of Miller's emergency medical condition, and therefore all parties possessed current and positive knowledge and information that Miller had been hospitalized from approximately 8:30 AM until 1:04 PM on February 3, 2014?

2. Did the trial court commit [an] error of law and abuse [its] discretion by denying, without any proffered or supported legal reason or other explanation, Miller's petition for post-trial relief, petition to vacate order and petition for a new trial, despite the court having express knowledge of Miller's emergency medical condition on February 3, 2014?

3. Did the trial court commit [an] error of law, abuse of discretion and violation of Miller's constitutional rights by entertaining and ruling on a motion (**encouraged by the trial court judge**) presented by defense counsel on February 3, 2014, without

- 6 -

Miller being present, or without her having been made aware that said motion was being presented?

4. Did the trial court commit [an] error of law, abuse of discretion and violation of Miller's constitutional rights by imposing onerous, arduous, and deliberately disadvantageous sanctions and penalties upon Miller who was proceeding pro se and in forma pauperis, compelling her to expend monies the judge knew Miller did not have, and in effect, prohibiting and precluding Miller from protecting her constitutional rights and interesst in the proceedings?

5. Did the trial court commit [an] error of law, abuse of discretion and violation of Miller's constitutional rights by exhibiting prejudice, bias, and intemperance by failing to issue a ruling on Miller's January 23, 2014 non-hearing motion asking for a continuance and new trail [sic] date, and further, without conducting a hearing or affording Miller an opportunity to respond to a motion presented by defense counsel which the judge granted?

6. Did the trial court commit [an] error of law, abuse of discretion and violation of Miller's constitutional rights by proceeding at trial on February 3, 2014 despite having express knowledge of deficient service of said trail [sic] date, despite having knowledge of Miller's lack of opportunity to subpoena all necessary witnesses, despite having knowledge that Miller had not received necessary transcripts intended for her use at trial until February 5, 2014; two (2) days post-trial, and most importantly, despite having knowledge of Miller's emergency medical circumstances?

7. Did the trial court commit [an] error of law, abuse of discretion and violation of Miller's due process constitutional rights by exhibiting obvious indifference and bias towards Miller, a pro se litigant, throughout the proceedings?

8. Did the trial court commit [an] error of law, abuse of discretion and violation of Miller's constitutional rights by denying to Miller the right and the the [sic] opportunity to be hear at trail [sic] before proceeding to dismiss her case?

9. Did the trial court commit [an] error of law, abuse of discretion and violation of Miller's constitutional rights by proceeding to entertain and rule on various motions throughout the proceedings which were presented by defense counsel despite Miller's averments that service of those various motions was non-existent?

10. Did the trial court commit [an] error of law, abuse of discretion and violation of Miller's constitutional rights by dismissing with prejudice Miller's case despite having concrete and substantiated evidence that Miller was hospitalized in the emergency room at Jefferson Regional Medical Center near Pittsburgh, Pennsylvania from 8:30 AM until 1:04 PM on February 3, 2014?

Tenant's brief at 3-6 (emphasis in original).

Although Tenant levels ten claims in her brief, she provides only one argument, noting that her issues are closely related.[3]   Since Tenant concedes that her claims are similar and combines her arguments, we do not address each issue separately.   Essentially, Tenant's core complaint is that the trial court erred in not continuing the case and dismissing this matter where she notified the court and Landlords that she suffered a medical emergency and was unable to attend the scheduled trial.

Pa.R.C.P. 218 states in pertinent part:

(a)   Where a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter a

---

[3] We disapprove of Tenant's repetitive and overlapping claims and her violation of the appellate rules of procedure.  *See* Pa.R.A.P. 2119; Pa.R.A.P. 2116.

> nonsuit on motion of the defendant or a *non pros* on the court's own motion.
>
> . . . .
>
> (b)   A party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse.

Pa.R.C.P. 218.  The comment to the rule provides that, "[t]he mere failure to appear for trial is a ground for the entry of a nonsuit or a judgment of *non pros*[.]"[4]   However, the illness of a party and counsel is grounds for a continuance.  Pa.R.C.P. 216 ("The following are grounds for a continuance . . . . . (2) Illness of counsel of record, a material witness, or a party.").  Where the court requests a certificate from a physician, it must be furnished and indicate "that such illness will probably be of sufficient duration to prevent the ill person from participating in the trial[.]"  Pa.R.C.P. 216(2).

"A 'satisfactory excuse' that may prevent the operation of the Rule must be an excuse that would constitute a valid ground for granting a continuance, such as an agreement of counsel; illness of counsel, a party, or

_____

[4] Neither party nor the trial court indicates whether the order entered a nonsuit or a judgment of *non pros*.  The distinction is relevant for purposes of *res judicata* as a proper grant of *non pros* has no *res judicata* implications, in contrast to a nonsuit.  In addition, the methods for challenging a nonsuit and judgment of *non pros* are distinct.  **See** Comment to Pa.R.C.P. 218 ("A nonsuit is subject to the filing of a motion under Rule 227.1(a)(3) for post-trial relief to remove the nonsuit and a judgment of *non pros* is subject to the filing of a petition under Rule 3051 for relief from a judgment of *non pros*.").

a material witness[.]" GOODRICH AMRAM (2d ed.) § 218:3 (footnote omitted); ***Manack v. Sandlin***, 812 A.2d 676, 681 (Pa.Super. 2002).

The decision to grant or deny a continuance as well as to enter either a nonsuit or *non pros* are governed by an abuse of discretion standard. ***Felsing v. Beining***, 345 A.2d 290 (Pa.Super. 1975) (refusal to grant a continuance considered under abuse of discretion standard); ***Dietzel v. Gurman***, 806 A.2d 1264 (Pa.Super. 2002) (review of motion denying removal of compulsory nonsuit is for an abuse of discretion); ***Florig v. Estate of O'Hara***, 912 A.2d 318, 323 (Pa.Super. 2006) ("The standard governing our review of a trial court decision to deny a petition to open a judgment of *non pros* is one of abuse of discretion."). As neither party's argument focuses on the court's dismissal of the case by discussing the law relative to either a nonsuit or judgment of *non pros*,[5] but hone in on the court's decision not to continue the trial, we will limit our analysis to the same.

Here, we find that Tenant presented a satisfactory excuse, precluding dismissal. Tenant, via her mother and father, notified opposing counsel and the court of her illness and trip to the emergency room. The illness of

---

[5] We are cognizant that to open a judgment of *non pros*, a party must show that there is a meritorious cause of action. Pa.R.C.P. 3051. Our vacating of the trial court's order, however, should not be read as suggesting that all of Tenant's causes of action are meritorious since the questions argued relate to failing to continue the case.

counsel and a party is a legitimate excuse for failing to appear. After the court requested a doctor's excuse, Tenant faxed a signed doctor's excuse from the hospital. That excuse clearly asked that Tenant be excused from attending trial on that date. The incident was not a feigned trip that did not occur. The court's observation that the doctor's signature was difficult to read does not suggest any impropriety or that a doctor did not sign the form. Landlords' reliance on **Davidson v. Davidson**, 262 Pa. 520 (1919), is unpersuasive. That case did not involve an illness that arose on the date of trial. Rather, the defendant was in Florida on the advice of his doctor and elected not to return. The High Court reasoned that the denial of a continuance in such circumstances was not improper where attendance did not involve a serious risk to the defendant's health.

Instantly, Tenant's respiratory problems occurred on the date of trial and precluded her from being present, and she presented a valid doctor's excuse in accordance with the court's request. This Court has opined that dismissal, due to its severe nature, should occur only in extreme circumstances. **See Stewart v. Rossi**, 681 A.2d 214 (Pa.Super. 1996). We find this case does not meet that criteria. Since the trial court abused its discretion in dismissing the case where Tenant's absence was due to a medical emergency, we vacate the order and remand for additional proceedings.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/20/2015