## Carlson v. Carlson et al.

*Ditter & Ditter*, for plaintiff.

*High, Swartz, Childs & Roberts*, for defendant.

FORREST, J., December 29, 1953. — Plaintiff has brought this bill in equity against her husband, Raymond G. Carlson and his brother, Arthur G. Carlson, individually and trading as Carlson Motors, a partnership, alleging in substance that her husband is indebted to her under a contract in which support and

maintenance are provided and that defendant, Raymond G. Carlson, has left this jurisdiction to avoid his responsibility for maintaining his wife and to hinder, delay and defraud plaintiff of her rights under the written contract; that defendant is about to sell his interest in the partnership and is having the proceeds therefrom relayed to him to a point outside the state. There has been no service of the bill upon Raymond G. Carlson; however, the other defendant, Arthur G. Carlson, filed his preliminary objection to the bill in lieu of a demurrer. The matter was argued before the court en banc and is here now for decision.

We are considering solely the prayer in paragraph 2 of the bill, this being the only one which asks that defendant, Arthur G. Carlson, be restrained and reads as follows:

"(2) That an injunction may issue, preliminary until hearing and perpetual thereafter, restraining the defendants Carlson Motors and Arthur G. Carlson and any other person buying or endeavoring to buy or to acquire any title whatsoever to all or any of the assets of Carlson Motors or any part of the interest of Raymond G. Carlson therein from paying or causing to be paid or remitted to Raymond G. Carlson any part of the consideration of and for any such sale or conveyance of either the partnership assets or the interest of Raymond G. Carlson therein."

The reason we are not concerning ourselves in this opinion with any of the other prayers is that they have to do with the interests or rights of the other defendant, Raymond G. Carlson, and since he has not been served, his rights cannot be adjudicated.

No cases have been called to our attention, nor have we found any, after considerable research, involving the same sort of prayer under the same circumstances. Therefore, it can be assumed that the reason of the

apparent absence of such cases is that such a prayer has no justification in equity. Let us examine the prayer of the complaint. So far as we are concerned here, that is with defendant, Arthur G. Carlson; the bill asks the court to restrain him from paying defendant, Raymond G. Carlson, for his interest in the partnership. If this should be done it would be tantamount to decreeing that Arthur G. Carlson be restrained from buying Raymond's interest in the partnership since, if Raymond did not receive the proceeds, of course, he would not sell. Assuming all the allegations in the complaint to be true, as we are required to do at this point, we cannot say that Arthur has done anything or threatens to do anything which would deprive him of a right to contract in the regular and legitimate course of business. This would not be doing equity, it would be perpetuating an inequity.

To do what plaintiff prays could be likened to restraining a bank in which Raymond has a checking account from honoring a draft on it, payable to a Florida bank or prohibiting a person who has purchased Raymond's car from sending the money to him in another State. What justification can be found in the facts alleged to restrain a third person from doing business with a person merely because he is in another jurisdiction.

It may be that the reason for this absence of authority is that the same result or remedy may be had by procedure under the law and principles outlined in Luick v. Luick et al., 164 Pa. Superior Ct. 378, where a similar situation existed. See also Rankin v. Culver et al., 303 Pa. 401.

And now, December 29, 1953, it is ordered, adjudged and decreed that defendant's preliminary objection is sustained and the bill is dismissed insofar as it applies to defendant, Arthur G. Carlson.